John Harolson **SANFORD**, PMB No. 62861

v.

**J. D. MIDDLEBROOKS, Acting Warden.**

**Misc. No. 888.**

United States District Court
E. D. Louisiana,
Baton Rouge Division.

June 3, 1966.

John Harolson Sanford, in pro. per.

Teddy W. Airhart, Jr., Asst. Atty. Gen. of Louisiana, Baton Rouge, La., for respondent.

WEST, District Judge:

Petitioner seeks the issuance of a writ of habeas corpus releasing him from the Louisiana State Penitentiary at Angola, Louisiana, where he is presently serving a six-year sentence for theft and a six-month sentence for the unauthorized use of a movable, with both sentences running concurrently. Petitioner, represented by court-appointed counsel, was tried before a jury and found guilty of both charges. He appealed to the Louisiana Supreme Court where his convictions were affirmed. Thereafter, he filed an application for the issuance of a writ of habeas corpus with the proper state court, which, after an evidentiary hearing, was denied. The Louisiana Supreme Court affirmed this decision.

Petitioner now alleges four violations of his constitutional rights during the state court proceedings which led to his two convictions. His alleged claim that the prosecutor used perjured testimony to establish motives has not yet been presented to the state court for its consideration, and, therefore, may not be considered by the Court at this time. Petitioner also claims that he was denied bail, that he was denied counsel on appeal, and that he was forced to go to trial with unwanted counsel. Since these claims were presented to the proper state court, the petitioner has exhausted available state remedies, and, consequently, these matters are properly before this Court.

A review of the transcript of the state court proceedings had against petitioner clearly shows that his claim that he was denied bail is completely without merit. The state district court set his bond at $750 for each of the crimes with which he was charged. Thereafter, he was released on a bond filed by a commercial bonding company. This company later revoked his bond, and petitioner, unable to obtain another bond, was remanded to the parish jail. At no time, however, did the state deny him the right to be released on bond.

His next claim is that he was forced to trial with unwanted counsel. Both the state district court and the Louisiana Supreme Court have thoroughly considered this matter and have ruled against petitioner. See State of Louisiana v. John H. Sanford (No. 32,768 and 32,769, Fourth Judicial District Court, Parish of Ouachita); State of Louisiana v. Sanford, 248 La. 630, 181 So.2d 50 (1965); State of Louisiana v. Sanford (1965), 248 La. 527, 180 So.2d 541. This Court has been furnished with a transcript of the state court proceedings and with the opinions rendered therein. After its own independent examination of the record and of the opinions filed therein, this Court agrees with the conclusions reached by the state courts that the petitioner was not forced to trial with unwanted counsel.

The final contention set forth by petitioner is that he was denied counsel on appeal. The record in the case shows this contention to be completely without merit. The Supreme Court of Louisiana specifically noted in its opinion affirming the conviction that "On this appeal defendant is represented by competent and well qualified counsel * * *." The opinion reported at 181 So.2d 50 indicates that Mr. William D. Brown of Monroe, Louisiana, represented the petitioner on appeal.

Therefore, for these reasons, petitioner's application for a writ of habeas corpus must be denied.