**John Harrolson SANFORD, Appellant,**

v.

**Wingate WHITE, Warden, Appellee.**

**No. 25329.**

United States Court of Appeals
Fifth Circuit.

June 27, 1968.

John Harrolson Sanford, pro se.

Teddy W. Airhart, Jr., Asst. Atty. Gen., Baton Rouge, for appellee.

Before GODBOLD and SIMPSON, Circuit Judges, and McRAE, District Judge.

SIMPSON, Circuit Judge:

The appellant's petition for a writ of habeas corpus was denied by the district court without an evidentiary hearing. We reverse.

The appellant was convicted in the Louisiana state court for theft and given a sentence of six years. The judgment was affirmed upon appeal. State v. Sanford, 1965, 248 La.' 630, 181 So.2d 50. The appellant sought habeas relief in the state trial court on the grounds now urged in his federal habeas petition. Relief was denied by the trial court and affirmed by the Louisiana Supreme Court. State v. Sanford, 1965, 248 La. 527, 180 So.2d 541. Appellant has exhausted his state remedies in conformity with the provisions of Title 28, U.S.C. Sec. 2254.

The lower court denied a prior habeas corpus petition of appellant without an evidentiary hearing, but with written reasons assigned. Sanford v. Middlebrooks, Acting Warden, D.C.E.D.La.

1966, 254 F.Supp. 914. In this prior petition the court refused to consider the first of appellant's claims for failing to exhaust state remedies as to that point. The court did consider the following contentions and found them to be without merit: (1) whether appellant was denied bail, (2) whether he was forced to accept as appointed trial counsel an attorney he considered unacceptable, and (3) whether he was denied counsel on this direct appeal.

In the present petition, appellant alleges that he was denied the effective assistance of counsel at the trial in that he was "forced to trial with discharged [court appointed] counsel." This contention, in substance, is the same as (2) above, raised in the prior proceeding.

The present petition also contains the conclusory and unsupported allegation that appellant was "convicted by conspiracy between discharged defense counsel and prosecutor." The final allegation of the petition is that appellant was denied the effective assistance of counsel on appeal.

In denying the present petition, the court stated that "[t]he present application filed by petitioner seeks a writ of habeas corpus on exactly the same grounds as those set forth in his prior application [referring to 254 F.Supp. 914]." The court then concluded that there were no new grounds to consider, Title 28, U.S.C., Sec. 2244(b),[1] and denied the petition.

From a close reading of the affidavit of appellant attached to this present petition, it is clear that appellant is not alleging "exactly the same grounds" as those disposed of in 254 F.Supp. 914.

In the prior petition, the appellant alleged simply that "he was denied counsel on appeal." The lower court found that appellant had in fact been represented on appeal by Mr. William D. Brown, of Monroe, Louisiana, whom the Louisiana Supreme Court referred to as "competent and well qualified counsel" in affirming the conviction. 248 La. 630, 181 So.2d 50, 52. The present petition alleges something more. The pertinent portions of the affidavit provide:

"After affiant's conviction had been accomplished, the Court allowed 'defense' counsel to withdraw, making it incumbent on the defendant, an immigrant to the State of Louisiana with no ties other than his wife's aged parents residing some distance from Monroe, Louisiana, to shift for himself on appeal while confined and isolated from the other prisoners for having ventured to appeal the described manner of conviction. * * *

* * * * * *

"The counsel assigned [Mr. William D. Brown] to prosecute affiant's habeas corpus petition was directed after the denial thereof, to prosecute affiant's appeal of conviction. This gave the attorney less than two weeks in which to handle the normal practice to which he was committed, study the record and familiarize himself with a case he had not tried [the case was tried by a Mr. Cascio], prepare an appeal and submit it. The Court exerted its full force, power and authority in causing a moral and ethical attor-

---

1. "§ 2244. Finality of determination

    (a) * * *

    (b) When after an evidentiary hearing on the merits of a material factual issue, or after a hearing on the merits of an issue of law, a person in custody pursuant to the judgment of a State court has been denied by a court of the United States or a justice or judge of the United States release from custody or other remedy on an application for a writ of habeas corpus, a subsequent application for a writ of habeas corpus in behalf of such person need not be entertained by a court of the United States or a justice or judge of the United States unless the application alleges and is predicated on a factual or other ground not adjudicated on the hearing of the earlier application for the writ, and unless the court, justice, or judge is satisfied that the applicant has not on the earlier application deliberately withheld the newly asserted ground or otherwise abused the writ."

ney, Mr. William D. Brown, to mislead and betray his client. The Court then threatened Mr. Brown, stating 'that if he continued to prosecute (affiant's) appeals, the Court would have to consider him to inciting.' Mr. Brown had promised to litigate affiant's appeals to the United States Supreme Court if necessary."

■ It is obvious from the above quoted portions of the affidavit that appellant was alleging ineffective assistance of counsel because of lack of time for preparation resulting in the failure to provide a meaningful appeal, rather than the total absence of counsel as contended for in the prior petition. An evidentiary hearing has never been held on this contention. We reverse and remand so that such a hearing may be afforded appellant.

■ One further matter merits attention. Under Louisiana law in effect at the time of appellant's trial an appellant may not avail himself of an alleged error unless such error was objected to at the time of its occurrence and a bill of exception reserved as to any adverse rulings. LSA–R.S. 15:502. Failure to file such bills of exception divests the Louisiana appellate courts of the ability to reverse the lower court unless there is error patent on the face of the record. No bills of exception were filed by trial counsel in the present case, and it is quite obvious from a reading of the Louisiana Supreme Court's opinion affirming appellant's conviction that the scope of review of that court was narrowly circumscribed by virtue of the absence of bills of exception. 248 La. 630, 181 So.2d 50, 51, 52. We therefore direct that the court extend the area of inquiry at the hearing on remand to determine whether or not the failure of appointed trial counsel to file bills of exception constituted ineffective assistance of counsel so as to deny appellant a meaningful appeal. See: Entsminger v. State of Iowa, 386 U.S. 748, 87 S.Ct. 1402, 18 L.Ed.2d 501 (1967).

Reversed and remanded.