**Herbert D. HILL and Selma Jo McIntosh, Appellants,**

v.

**Warden Ray H. PAGE and The State of Oklahoma, et al., Appellees.**

**No. 311–70.**

United States Court of Appeals, Tenth Circuit.

Dec. 28, 1971.

Elmer Lee Hamby, Denver, Colo., for appellants.

Paul Crowe, Asst. Atty. Gen. (Larry Derryberry, Atty. Gen. of Oklahoma, with him on the brief), for appellees.

Before SETH, HOLLOWAY and BARRETT, Circuit Judges.

PER CURIAM.

This appeal concerns several related petitions for habeas corpus. The trial courts denied relief, and these appeals were taken. The claims of the two petitioners will be considered separately.

The petitioner, Selma Jo McIntosh, was convicted in the Oklahoma state court after being tried with a codefendant, the petitioner, Herbert D. Hill. The charge was grand larceny and each was sentenced on October 26, 1967, for a term of seven and one-half years in the state prison. This case was in Oklahoma County and was No. 33408.

*Petitioner, Selma Jo McIntosh*:

This petitioner with petitioner Hill filed a joint petition for habeas corpus relief in the United States District Court for the Eastern District of Oklahoma. This was No. 69–125 in the United States District Court, and concerned only the state convictions in No. 33408 (see McIntosh v. State, Okl.Cr. App., 444 P.2d 224). This petition was later transferred to the Western District of Oklahoma where petitioner Hill had previously filed other applications for relief. When so transferred the petition became No. 69–402 and was there heard by the United States District Court.

In No. 69–402 the trial court held that petitioner McIntosh had not exhausted her state remedies. We agree with this conclusion reached by the trial court and the denial of relief to petitioner McIntosh is affirmed.

*Petitioner, Herbert D. Hill*:

This appeal brings to this court the action of the trial court for the Eastern District of Oklahoma in its No. 69–191 which was a proceeding to determine when the several state sentences which petitioner Hill had received were to commence. The issue basically was whether the sentences he had received at various times in the Oklahoma County cases Nos. 34094, 34095, and 33408 were to run concurrently.

The trial judge held that the matter was determined by the interpretation of state statutes which had been made by the Oklahoma state courts and where no federal constitutional question was raised. We agree, and the order of the trial court in No. 69–191 of the Eastern District of Oklahoma is affirmed.

Petitioner Hill also brings this appeal from the denial of relief by the United States District Court for the Western District of Oklahoma in its No. 69–402. This action had been transferred from the Eastern District where it was No. 69–125, and concerns state trial No. 33408. The trial court held that this petitioner had previously filed, and the court had acted upon, prior petitions for habeas corpus relief raising the same issues with but one exception. These prior proceedings in the Western District were Nos. 68–500 and 69–158. In No. 69–158 the trial court had passed upon petitioner's claim relating to the search and seizure issue; the claim that the transcript was incomplete in petitioner's direct appeal in that it did not include the examination of jurors and final arguments, and the claim of ineffective counsel. The record contains nothing to show that this action of the trial court was in any way incorrect.

The petitioner asserts that in his direct appeal to the Oklahoma Court of Criminal Appeals he did not have effective assistance of counsel because no brief was filed nor oral argument made on his behalf. This issue was before the Oklahoma Court of Criminal Appeals in petitioner's attempt to have an appeal

out of time on the theory that he had none before. See Hill v. State, No. A–15232, Okla.Ct.Crim.Appeals, and Hill v. State, Okl.Cr.App., 444 P.2d 223. The trial court in No. 69–402 observed in its opinion that the state court, in No. A–15232 on petitioner's request for an appeal out of time, had said:

"From a review of the previous proceedings filed by Petitioner with this Court we find his present contention to be without merit. We find that in fact an appeal of Petitioner's conviction for grand larceny after former conviction of a felony was perfected to this Court with Mr. Red Ivey as attorney of record. Petitioner's appeal, Case No. A–14,738, was perfected and the judgment and sentence affirmed in a decision rendered by this Court on July 17, 1968. A petition for rehearing was denied on July 31, 1968, and a second petition for rehearing was denied on September 17, 1968. Each of these petitions for rehearing was filed by Petitioner's attorney of record, Mr. Red Ivey. The mandate was issued on October 11, 1968. Hill v. State, Okl.Cr.App., 444 P.2d 223 (1968)."

The state court therein refers to the original appeal (No. 14738) of the seven and one-half year sentence given in the state trial in Case No. 33408, and thus considers the conviction with which we are here concerned and not with petitioner's prior convictions. The United States trial court concluded that the contention that efforts of counsel were inadequate was without merit, and we agree. The record shows that the direct appeal in No. 33408 was taken by petitioner's retained attorney, but, as was permitted, a brief was not filed and no oral argument was requested. The rules of the Oklahoma Court of Criminal Appeals then provided that under these circumstances the transcript of the trial and other records brought up on appeal would be examined for "fundamental error." The appeal was complete except for the brief and argument, and the court made the examination of the record as indicated and affirmed the convictions. Petitioner's attorney thereafter filed two petitions for rehearing containing points he wished considered, but they were denied. In our opinion the petitioner's appeal as taken did not indicate ineffective assistance of counsel as urged, nor did it constitute a denial of the constitutional rights of petitioner. The procedure followed was not contrary to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, nor Entsminger v. Iowa, 386 U.S. 748, 87 S.Ct. 1402, 18 L.Ed.2d 501.

It appears that both petitioners herein have filed several petitions for relief and the trial court among others considered the two petitions subscribed and sworn to on July 7, 1969, and the one subscribed and sworn to on October 7, 1969, and these are considered herein.

We have before us on this appeal in Case No. 69–402 of the Western District of Oklahoma (No. 69–125 in the Eastern District) only the conviction of petitioners, Hill and McIntosh in State No. 33408 in which they received a sentence for seven and one-half years. In the appeal in No. 69–191 from the Eastern District the several sentences in three cases were herein considered on the issue of their starting time.

Affirmed.

HOLLOWAY, Circuit Judge (concurring and dissenting):

I agree with the majority opinion in the affirmance of the judgment with respect to appellant McIntosh for lack of exhaustion of State remedies, but respectfully dissent from the disposition as to appellant Hill.

Appellant Hill's petition alleges that petitioners were represented by inadequate and ineffective counsel; that the attorney failed to file a brief and made no request for oral argument; and that they were therefore denied due process and equal protection. The opinion of the Oklahoma Court of Criminal Appeals reflects that no brief was filed and that no extension of time therefor was re-

quested. See Hill v. State of Oklahoma, 444 P.2d 223. And as the opinion shows the cause was therefore summarily submitted for an opinion under the Court's Rules with examination only for "fundamental error."[1]

Such review on the Court's own motion is a most desirable protection against violation of fundamental rights. However, without a brief or argument the Oklahoma Court's review was understandably narrowed. The procedure was transformed into one lacking the "active role of an advocate . . ." Entsminger v. Iowa, 386 U.S. 748, 751, 87 S.Ct. 1402, 18 L.Ed.2d 501. Whether there were particular issues which were not illumined so that the appeal was prejudiced, we cannot know since the facts were not developed. In short I feel a hearing is needed to determine whether there was "ineffective assistance of counsel so as to deny appellant a meaningful appeal." Sanford v. White, 398 F.2d 479, 481 (5th Cir.).[2]

While appellant's counsel was retained, the measure of effective representation for due process purposes is fundamentally the same for retained and appointed counsel. See Ellis v. State of Oklahoma, 430 F.2d 1352, 1356 (10th Cir.); Bell v. State of Alabama, 367 F. 2d 243, 247 (5th Cir.); and Holland v. Henderson, 317 F.Supp. 438, 442 (E.D. La.). There may be circumstances about the arrangements and instructions by appellant to his retained counsel which have a bearing on whether appellant was unfairly prejudiced by ineffective representation, or whether counsel did all he was instructed and obligated to do. Nevertheless, the fact that counsel was retained cannot dispense with the basic protection of due process.

I agree with the majority opinion's affirmance of the denial of relief on all of appellant Hill's claims except that of alleged ineffective counsel, but believe that the cause should be remanded for an evidentiary hearing on the merits of that claim.

---

**1.** The opinion refers to the restricted examination given an appeal in such instances by quoting Ashby v. State of Oklahoma, Okl.Cr.App., 406 P.2d 1007, 1008:

"Where the defendant appeals from a Judgment of conviction and no briefs are filed in support of the petition in error this Court will examine the records only for fundamental error. If none appears of record the Judgment will be affirmed."

**2.** I find no showing in our record that the merits of the claim of ineffective appellate counsel was considered on an evidentiary hearing in the earlier proceedings referred to in the majority opinion. Therefore, I do not feel that the claim should be denied on the ground of the earlier ruling, and believe instead that the ends of justice call for an evidentiary hearing on the constitutional claim. See Sanders v. United States, 373 U.S. 1, 16–17, 83 S.Ct. 1068, 10 L.Ed.2d 148.