Kenneth Ray GRIFFIN,
Plaintiff-Appellant,

v.

Tim WEST and the Attorney General
of Oklahoma, Defendants-Appellees.

No. 84–2542.

United States Court of Appeals,
Tenth Circuit.

June 3, 1986.

James R. Lloyd, Professional Law Office Corp., Tulsa, Okl., for plaintiff-appellant.

Michael C. Turpen, Atty. Gen., Linda L. Gray, Asst. Atty. Gen., Oklahoma City, Okl., for defendants-appellees.

Before BARRETT, SETH and McWILLIAMS, Circuit Judges.

SETH, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the

determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Cir.R. 10(e). The cause is therefore ordered submitted without oral argument.

Asserting that he was denied effective assistance of counsel in his state conviction for unlawful possession of a firearm, Kenneth Ray Griffin appeals the United States District Court's order denying his petition for a writ of habeas corpus. Although Mr. Griffin may have a colorable claim that his cognsel fell short of professionally reasonable conduct in failing to file an appellate brief, under the facts at bar he cannot demonstrate a reasonable probability of prejudice, according to the standards of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Accordingly, we affirm the judgment of the district court.

*Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, and *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, reexamined the right of a defendant in a criminal proceeding to effective assistance of counsel. The Supreme Court also determined that the Fourteenth Amendment's equal protection and due process clauses extend this entitlement to proceedings in an appeal of right. Thus in *Evitts v. Lucey,* — U.S. —, 105 S.Ct. 830, 836, 83 L.Ed.2d 821, the Court reasoned that:

> "[T]o prosecute the appeal, a criminal appellant must face an adversary proceeding that—like a trial—is governed by intricate rules that to a layperson would be hopelessly forbidding. An unrepresented appellant—like an unrepresented defendant at trial—is unable to protect the vital interests at stake.... [N]ominal representation on an appeal as of right—like nominal representation at trial—does not suffice to render the proceedings constitutionally adequate; a party whose counsel is unable to provide effective representation is in no better position than one who has no counsel at all."

■ In order to make out a claim of ineffectiveness, defendant-petitioner must demonstrate that his counsel's conduct was not professionally reasonable, considering all of the circumstances; and that but for counsel's unprofessional errors there is a reasonable probability that the result of the proceeding would have been different. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064–65; *see* Annot., "Effective Representation by Counsel," 26 A.L.R.Fed. 218. Mr. Griffin asserts that his counsel's behavior fell short of these standards in several respects.

## Failure to Investigate and Call Witnesses

Petitioner's theory at trial was that he obtained the gun in self-defense, after being attacked by a former acquaintance, James Wentworth. In the course of the fracas with Mr. Wentworth, petitioner, who was armed initially only with a knife, wrested James Wentworth's pistol away from him and then threatened to shoot him and a passer-by. Petitioner urges that his counsel was remiss in failing to subpoena an eyewitness to James Wentworth's attack.

Petitioner's counsel called several witnesses who testified that petitioner acquired the gun from James Wentworth during a struggle. Petitioner himself testified and admitted gaining and keeping possession of the pistol for a brief period of time after the scuffle before handing it over to one of his companions.

■ Under Oklahoma case law when a person is charged with possession of a firearm after conviction of a felony the state need prove only that the defendant had a prior felony conviction and that he carried a pistol on his person. "The defendant's alleged use of the firearm in his own self-defense ... is not a defense to the particular crime charged." *Lancaster v. State,* 541 P.2d 1343, 1346 (Okla.Crim.App.1975). Therefore, the testimony of the missing witness would have been immaterial and cumulative. Other defense witnesses testified as to the incident. As we said in *United States v. Glick,* 710 F.2d 639, 644 (10th Cir.1983):

"An attorney's decision not to interview witnesses and to rely on other sources of information, if made in the exercise of professional judgment, is not ineffective counsel.... [citing *United States v. Miller*, 643 F.2d 713 (10th Cir.[1981]), and *Plant v. Wyrick*, 636 F.2d 188 (8th Cir.[1980])] Counsel is not inadequate in failing to call a witness whose testimony would only have been cumulative in nature."

*See also United States v. Janoe*, 720 F.2d 1156 (10th Cir.1983).

The cumulative nature of the prospective testimony, coupled with the futility of the self-defense theory, lead to the conclusion that defense counsel's decision was not unreasonable. This conclusion also extends to petitioner's claim that counsel should have presented evidence that the pistol was registered to James Wentworth or some other third person in order to buttress Mr. Griffin's self-defense theory.

Counsel's failure to subpoena jail employees who might have described petitioner's wounds following the attack did not deprive petitioner of material evidence. Given Oklahoma's statutory elements of criminal liability, counsel's actions cannot be termed ineffective.

■ Petitioner disputes the constitutionality of the Oklahoma felon in possession statute but he provides no authorities to support his argument nor did he present it to the state court. Accordingly, we cannot consider the argument in its present context.

### Motion for New Trial

■ Following petitioner's state conviction, defense counsel filed, but did not argue, a motion for new trial. Counsel's affidavit submitted by the state in the course of petitioner's state court post-conviction review shows that the motion was filed

"simply as a jurisdictional requirement for perfecting an appeal, not for the purpose of securing a new trial, although had there been a legal basis for a new

trial, I certainly would have presented the argument."

Petitioner has cited no rule of court or case authority in support of his contention that oral argument of a motion for new trial is essential or that counsel's failure to request oral argument was erroneous. There is nothing in the record to support a conclusion that the lack of such an oral argument was prejudicial or ineffective assistance.

### Unendorsed Witnesses

■ During trial the court heard testimony from a police officer whose name was not included on the charging information. Petitioner asserts that counsel's failure to object to admission of the testimony was a serious failure. This argument was not presented to the state court and is not supported by state case law. In *Fisher v. State*, 668 P.2d 1152, 1155 (Okla.Crim.App. 1983), the court said:

"[T]his Court has consistently held that a trial court may use its discretion to permit endorsement of witnesses even after the trial commenced. If the opposing party is surprised or needs more time to prepare and meet the additional testimony, that party has the responsibility to move for a postponement or continuance in which to establish the need for additional time and anticipated new evidence. Failure to do this constitutes a waiver of any error."

In the absence of surprise, prejudice, objection, and presentation of this claim to the state court, petitioner's argument is without merit.

### Conflict of Interest

■ Petitioner asserts that his counsel labored under a conflict of interest based on prior representation of petitioner's aggressor, James Wentworth. In order to establish an actual conflict of interest triggering a presumption of prejudice, petitioner must demonstrate that counsel actively represented conflicting interests, and that the actual conflict of interest adversely affected counsel's performance. *Cuyler v.*

*Sullivan,* 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333. This was not shown.

■ Assuming that all references in the record are to the same "Wentworth," there is no manifest conflict of interest. An earlier case against James Wentworth handled by the attorney arose from a charge of possessing narcotics and did not involve Mr. Griffin. There was nothing antagonistic to petitioner in the nature of the offenses or the identity of the offenders, and the allegation of conflict is purely speculative and must be rejected. *United States v. Dressel,* 742 F.2d 1256 (10th Cir. 1984).

### Failure to File a Brief

■ In the state proceedings defense counsel filed a notice of appeal but not an appellate brief and did not seek to be relieved as counsel. There was no oral argument requested or held on the appeal and pursuant to the local rules the appeal was thereby "summarily submitted" to the Oklahoma Court of Criminal Appeals. That court's memorandum opinion affirming the conviction recites that the record was carefully examined for fundamental error, but none was found. The attorney for petitioner filed a motion for rehearing and unsuccessfully sought to contact petitioner.

Defense counsel's affidavit indicates that he regarded an appeal as "a total waste of time" and that he apprised petitioner of his intention not to file a brief. *Anders v. California,* 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 addressed appointed counsel's responsibilities when faced with frivolous appellate issues:

"[I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that

he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous."

Petitioner's attorney was retained rather than appointed. *Strickland* establishes that the standard therein described for effective assistance applies also to private counsel. It is uncontroverted that counsel did not file a motion to withdraw nor an *Anders* brief.

In *Hill v. Page,* 454 F.2d 679 (10th Cir. 1971), this court held that Oklahoma's transcript review procedure followed by petitions for rehearing, satisfied then existing requirements. Since our decision in *Hill,* the Supreme Court has decided *Evitts v. Lucey,* 469 U.S. 387, 105 S.Ct. 830, 835, 83 L.Ed.2d 821, wherein the Court stated that appellate counsel

"must be available to assist in preparing and submitting a brief to the appellate court ... and must play the role of an active advocate, rather than a mere friend of the court assisting in a detached evaluation of the appellant's claim...."

We express no opinion on the interaction between *Evitts v. Lucey,* 469 U.S. 387, 105 S.Ct. 830, and our *Hill v. Page,* 454 F.2d 679 (10th Cir.1971), for the reason that the application of the more general standards expressed in *Strickland v. Washington,* 466 U.S. 668, control the outcome of this appeal.

We conclude that in the instant case the absence of an appellate brief was not prejudicial. The district court determined after a hearing that Mr. Griffin's conviction for being a felon in possession of a firearm would have been affirmed notwithstanding the absence of an appellate brief because the essential elements of the offense were uncontroverted. They were acknowledged by the defendant-petitioner. Under these circumstances we cannot conclude that the absence of an appellate brief would have altered the outcome of the case under *Strickland.*

The district court examined the merits of petitioner's claims and reviewed the entire state court record. After extended colloquy with counsel for both sides the court concluded that although defense counsel should have filed a brief the evidence was such as to require a conviction of petitioner were he to be retried, and that petitioner's appeal was not prejudiced by the absence of a brief. At the conclusion of the hearing, the district court stated:

"[I]t's my view that there would not have been a difference in result based upon the evidence and based upon the statute. The statute is a status statute. It gives no leeway in this Court's view as to a self-defense situation with a pistol.

"Further, I do not feel from a review of the transcript that once the individuals left that vehicle and your man took out after him, I do not think that you can successfully urge in a retrial the self-defense position.

. . . .

"... And the Court in considering the record in this case does not feel that if there were a new trial that there would be logically a different result, and that's the gut issue to a federal court looking at the habeas corpus question that is presented here."

The district court's findings were correct. Petitioner has not satisfied the criteria for relief established in 28 U.S.C. § 2254(d). *Sumner v. Mata*, 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722. He was not prejudiced by counsel's failure to file an appellate brief in that under *Strickland*, if there was unprofessional conduct, there was no showing of a reasonable probability that the result of the proceeding would have been different.

The judgment of the district court is affirmed and Mr. Griffin's petition for a writ of habeas corpus is denied.