**A.L. LENZ, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. M–86–208.**

Court of Criminal Appeals of Oklahoma.

June 4, 1987.

Larry D. Barnett, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen., for appellee.

## OPINION

BRETT, Presiding Judge:

The appellant was convicted in the District Court of Harper County, Case No. CRM–85–76, of the offense of Making An Obscene Telephone Call (21 O.S.1981, § 1172) and was fined One Hundred Dollars ($100.00).

■ The appellant initiated an appeal in this Court but failed to file a brief within the time prescribed by our court rules. The cause is, therefore, hereby submitted for review for fundamental error only. *See* 22 O.S.1981, Ch. 18, App.—Rules of the Court of Criminal Appeals, Rule 3.6.

In the early morning hours of July 14, 1985, the appellant, A.L. Lenz, M.D., returned home and was informed that Steve Hickman, who was the Chief of Police in Laverne, had called a short time before and wanted Lenz to call him. The appellant dialed Hickman's home telephone number and reached Mrs. Hickman, who said her husband was not home. The appellant did not believe her, became angry, and said, "Well, I'll check with the P.D. then if he's really working and not jacking off with some broad...." Mrs. Hickman hung up before the sentence was completed.

■ Title 21 O.S.1981, § 1172 states, in pertinent part, "Every person is guilty of a misdemeanor who, by means of a telephone, wilfully ... makes any comment, request, suggestion, or proposal which is obscene, lewd, lascivious, filthy, or indecent...." This Court has never addressed the bounds of this prohibition. A federal statute that has substantially the same proscription is found at 47 U.S.C. § 223(a)(1)(A). When the United States District Court for the Eastern District of Pennsylvania examined the federal statute, it noted:

> The legislative history of this section makes it clear that § 223(1)(A) was pointed at the problem of what is generally and colloquially understood to be an "obscene telephone call", that is, a verbal sexual or sado-sexual assault made over the telephone for the perverted pleasure derived from it. The language of § 223(1)(A) was drawn broadly to prevent technical escape by the guilty. Nowhere in the legislative history is there the slightest intimation that this section was intended or should ever be interpreted to make criminal use of ungenteel or vulgar language sometimes called "obscene" in the course of an interstate telephone conversation, either from habit, anger, or slanderous intent.

*United States v. Darsey,* 342 F.Supp. 311, 312 (E.D.Pa.1972) (footnote deleted).

We think that the District Court captured the essence of situations like the one at bar when it further stated:

> In many situations, and most especially in romantic and family conflicts, a person may call another repeatedly and the ensuing conversations may be or become more or less unsatisfactory, unpleasant, heated, or vulgar. Up to a point these are the normal risks of human intercourse, and are and should be below the cognizance of the law.

*Id.* at 313–14.

This Court finds that the language used by the appellant in the case before the bar is not the type that the legislature intended to proscribe. Accordingly, the case is REVERSED with instructions to DISMISS.

BUSSEY, J., concurs.

PARKS, J., specially concurs.

PARKS, Judge, specially concurring:

I write separately to make clear that it is not our intention to invade the province of the legislature in this matter. The Legislature has provided no guidance in its legisla-

tive history for interpreting the statute in question. The statute clearly does not prohibit mere "ungenteel" or "vulgar" language. Under the foregoing circumstances, I agree with my brother Judge Brett that the *Darsey* case is the applicable rule.