945 F.2d 411
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ralph ROMERO, Petitioner-Appellant,
v.
Harold HENSON, Gale A. Norton, Attorney General,
Respondents-Appellees.
 No. 91-1066.
 United States Court of Appeals,
Tenth Circuit.
 Oct. 2, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOOR, Circuit Judge.
 
 
 1
 This is an appeal from the dismissal of a petition filed under 28 U.S.C. § 2254. The district court has denied a certificate of probable cause. We also deny a certificate of probable cause and dismiss the appeal.
 
 
 2
 Petitioner, who was convicted in state court of sexual assault of a child, appealed that conviction to the Colorado Court of Appeals, raising six issues including those asserted in his petition for a writ of habeas corpus. Following affirmance of the conviction, petitioner sought further review by certiorari in the Colorado Supreme Court. His petition was denied. Thereafter, petitioner sought relief in the district court.
 
 
 3
 The issues raised by Mr. Romero in federal court are identical to the grounds he asserted for reversal in the Colorado Court of Appeals. Even in his brief in this court, petitioner has failed to assert how two of the errors he protests were committed during his state trial are violative of federal law or the United States Constitution.
 
 
 4
 For example, he argues the evidence was insufficient to support his conviction, but he fails to articulate a basis for federal jurisdiction to afford him relief on that ground. He also asserts he was denied the opportunity to present evidence of his intoxication as a defense to the charges, but he does not assert how this denial gives rise to habeas jurisdiction.
 
 
 5
 Federal courts do not review state convictions for errors in state law. We have nonetheless reviewed the entire record and conclude the district court did not err in dismissing these claims.
 
 
 6
 Claims of insufficiency of evidence produced at a state trial will give rise to federal habeas corpus only if the court determines no rational trier of fact could have found proof of guilt beyond a reasonable doubt from the evidence presented at trial. Brecheisen v. Mondragon, 833 F.2d 238, 244 (10th Cir.1987), cert. denied, 485 U.S. 1011 (1988). The district court's review, as well as ours, demonstrates the existence of conflicting evidence, but none that will not support the verdict.
 
 
 7
 A review of the state record does not affirmatively establish whether petitioner ever attempted to introduce the evidence of his intoxication, but that problem notwithstanding, his argument is without merit. Whether intoxication is a defense to a state crime is a matter of state law. Here the Colorado state courts considered and rejected petitioner's claim. We therefore find no grounds for federal habeas corpus in this claim.
 
 
 8
 Finally, the petitioner contends the statute under which he was convicted, Colo.Rev.Stat. § 18-3-405(1), is unconstitutionally overbroad. Petitioner raised this issue in the Colorado Court of Appeals, but that court is without jurisdiction to entertain the claim. Colo.Rev.Stat. § 13-4-102(1)(b). The Court of Appeals specifically declined to review the issue because of its jurisdictional impediment, and petitioner did not take the steps necessary to present the issue to the Colorado Supreme Court. Respondent therefore correctly asserts petitioner has defaulted on this claim and is barred from pursuing it further in the absence of a showing of cause, actual prejudice, or a fundamental miscarriage of justice. Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991). He has failed to carry this burden.
 
 
 9
 The Supreme Court of Colorado has also held the statute is not void for vagueness (or "is not unconstitutionally vague"). People v. West, 724 P.2d 623, 628-29 (Colo.1986). To the extent the decision articulates concepts of federal due process, we agree with the analysis.
 
 
 10
 We therefore conclude petitioner has failed to make a substantial showing of the denial of a federal right necessary for the issuance of a certificate of probable cause under 28 U.S.C. § 2253. See Barefoot v. Estelle, 463 U.S. 880, 893 (1983). Therefore, petitioner's application for a certificate of probable cause is denied, and the appeal is DISMISSED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3