Eddie Larry YOUNG, Petitioner,

v.

The STATE of Oklahoma, Respondent.

No. PC 94–846.

Court of Criminal Appeals of Oklahoma.

Dec. 28, 1994.

Publication Ordered Sept. 12, 1995.

## ORDER

On July 8, 1994, the District Court of Choctaw County found that Petitioner had been denied an appeal through no fault of his own and recommended an appeal out of time. On July 27, 1994, Petitioner filed an Application for an Appeal Out of Time with the Clerk of this Court. The State was ordered to respond on September 5, 1994, and filed a response with the Clerk of this Court on September 26, 1994. On September 30, 1994, Petitioner requested to file a reply to the State's response. The request is hereby GRANTED and the reply brief attached to the request is to be considered filed as of the date of this order.

Petitioner was convicted of First Degree Robbery and Robbery with a Dangerous Weapon in Choctaw County District Court, Case No. CRF–82–41. On August 25, 1982, he was sentenced to life imprisonment for murder and to ninety-nine (99) years imprisonment for robbery. Petitioner states that he filed a timely notice of intent to appeal and designation of record on August 27, 1982. The Appellate Public Defender was appointed to represent Petitioner on appeal and the Petition in Error was filed February 25, 1983. On April 18, 1983, this Court allowed the Appellate Public Defender to withdraw and the District Court appointed H. Reid McWhirter to complete Petitioner's appeal. Petitioner states that Mr. McWhirter filed no pleadings in his behalf.

Pursuant to Rule 3.6, *Rules of the Court of Criminal Appeals,* 22 O.S.1981, Ch. 18, App., on January 27, 1986, the appeal was submitted for review in Case No. F–83–120 due to abandonment. This Court reviewed the record for fundamental error, found none warranting reversal or modification, and affirmed the judgment and sentence in *Young v. State,* F–83–120 (Okl.Cr. February 24, 1986). Petitioner now argues that he is entitled to an appeal out of time because he was denied effective assistance of appellate counsel.

In this argument Petitioner relies heavily on the United States Supreme Court decisions of *Penson v. Ohio,* 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988) and *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In those cases the Supreme Court reiterated its holding in *Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963) that the Fourteenth Amendment guarantees a criminal appellant the right to counsel on a first appeal as of right. In *Douglas* the Supreme Court found that California's procedure of appointing appellate counsel only when the appellate court reviewed the record and found that the assistance of counsel would be helpful to the appellant or to the court was "an inadequate substitute for guaranteed representation."

*Penson,* 488 U.S. at 80, 109 S.Ct. at 349. In *Anders* it recognized that the role of appellate counsel must be as an advocate as opposed to that of amicus curiae. *Anders,* 386 U.S. at 744, 87 S.Ct. at 1400. Also, in *Evitts v. Lucey,* 469 U.S. 387, 396, 105 S.Ct. 830, 836, 83 L.Ed.2d 821 (1985), the Supreme Court held that "A first appeal as of right . . . is not adjudicated in accord with due process of law if the appellant does not have the effective assistance of an attorney." These cases are consistent with the most recent edition of the Rules of this Court which also emphasizes the importance of effective appellate counsel. Title 22 O.S.Supp. 1994, Ch. 18, App., *Rules of the Court of Criminal Appeals,* Rule 3.6(B)(1) states, "The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate on behalf of the client, as opposed to that of amicus curiae."

The State responds that Petitioner received a sufficient review under Rule 3.6 to satisfy the requirements of due process and relies upon the two prong test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) to support its argument. The second prong of the test set forth in *Strickland* is the Petitioner must show that he was prejudiced by the denial of effective assistance of counsel. The State claims that Petitioner has not met that burden.

However, in *Penson* the State also relied upon the second prong of the *Strickland* test to respond to the Petitioner's claim of ineffective assistance of appellate counsel. *Penson,* 488 U.S. at 86, 109 S.Ct. at 353. The Supreme Court reviewed the issue and found that the situation where an appellant is completely without representation is quite different from the situation where counsel's performance is claimed to have been ineffective. It recognized that the "actual or constructive denial of assistance of counsel altogether is legally presumed to result in prejudice." *Id.* Consequently, the Supreme Court held that it is inappropriate to apply either the preju-

dice requirement of *Strickland* or the harmless error analysis set forth in *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) when appellant is entirely without counsel on appeal. *Penson,* 488 U.S. at 88, 109 S.Ct. at 354.

If the *Strickland* test is applied to this case Petitioner fails to meet the second prong of showing prejudice because this Court reviewed for fundamental error and found none, indicating that there would have been no cause for reversal or modification even if appellate counsel had filed a brief.[1] However, if prejudice is presumed from counsel's failure to file a brief, then Petitioner was automatically denied effective assistance of counsel. *Penson,* 488 U.S. at 88, 109 S.Ct. at 354. As such, the critical issue of Petitioner's application for an appeal out of time is whether counsel's failure to file a brief is sufficient to have rendered Petitioner without representation and as a result, invoke the presumption of prejudice.

As the State points out, *Penson* is factually distinguishable from the instant case. In *Penson* the Supreme Court found error when appellate counsel was allowed to withdraw and the lower court did not appoint new counsel despite appellant's request. The State emphasizes that the appellant in *Penson* had no counsel of record while Petitioner had counsel of record when his appeal was reviewed.

However, when the facts of *Penson* and the facts of the instant case are compared, the distinction emphasized by the State does not result in a practical difference in the effectiveness of appellate counsel. If appellate counsel is appointed, but takes no action on behalf of his client, the appellant has been as effectively denied assistance of counsel as if no counsel had been appointed at all. In either case, any chance the appellant may have had to show his appeal had hidden merit is denied when the court makes its decision on an ex parte examination of the record. *Douglas,* 372 U.S. at 356, 83 S.Ct. at 816. As such, we find that although Petitioner was not wholly without counsel as was the

---

1. In his application Petitioner does not state the issues to be raised if an appeal out of time is granted.

appellant in *Penson,* he was at least constructively denied counsel. Accordingly, pursuant to *Penson,* we will apply the presumption that Petitioner was denied effective assistance of appellate counsel and is entitled to a new appeal.

We recognize that this decision is a departure from our previous holdings recognizing the propriety of fundamental error review where no brief is filed on behalf of the appellant. *Lenz v. State,* 738 P.2d 184 (Okl.Cr. 1987); *Post v. State,* 513 P.2d 1299 (Okl.Cr. 1973); and *McVicker v. State,* 447 P.2d 453 (Okl.Cr.1968). However, this decision exhibits changes in constitutional interpretation as reflected in the *Penson* decision.

Prior to *Penson,* fundamental error review was sanctioned pursuant to *Strickland* and *Anders.* For example, in *Hill v. Page,* 454 F.2d 679, 681 (10th Cir.1971), the Petitioner argued that he was denied effective assistance of appellate counsel when his attorney failed to file a brief and the case was submitted for fundamental error review. This Court reviewed the record and affirmed the convictions. The Tenth Circuit found that the review did not indicate ineffective assistance of counsel nor was the procedure contrary to *Anders. Id.*

Also, in *Griffin v. West,* 791 F.2d 1578, 1580 (10th Cir.1986), the Tenth Circuit reviewed an ineffective assistance of appellate counsel claim under this Court's Rule 3.6 and found that the Petitioner failed to demonstrate a reasonable probability of prejudice according to *Strickland.* As such, there was no reversible error in submitting the case for fundamental error review where appellate counsel fails to submit a brief. Because it applied the *Strickland* standard, the Tenth Circuit declined to discuss the potential conflict between the newly decided *Evitts v. Lucey,* 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985) (The Supreme Court found that the right to effective assistance of counsel applies to the first appeal of right) and *Hill. Griffin,* 791 F.2d at 1582.

However, *Penson* reflects a change in the interpretation of the application of the right to appellate counsel and is consistent with this Court's new Rule 3.6(B) which recognizes the necessity of counsel acting as an active advocate on behalf of his client on appeal. Accordingly, we find that Petitioner was denied the benefit of an active advocate on his behalf and was therefore denied effective assistance of appellate counsel.

**IT IS THEREFORE THE ORDER OF THIS COURT** that Petitioner's request for an appeal out of time should be, and is hereby **GRANTED.** We find the District Court has already determined Petitioner to be indigent and has appointed the Appellate Public Defender's Office to represent him on appeal. As such, appointed counsel is directed to lodge the appeal in accordance with the *Rules of the Court of Criminal Appeals,* 22 O.S.Supp.1994, Ch. 18, App, with the applicable time periods commencing on the date of this order. Within ten (10) days from the date of this order, a new notice of intent to appeal and designation of record must be filed with the Trial Court Clerk and the Clerk of this Court in accordance with Rule 2.1(E).

**IT IS SO ORDERED.**

/s/ Gary L. Lumpkin
GARY L. LUMPKIN,
Presiding Judge

/s/ Charles A. Johnson
CHARLES A. JOHNSON,
Vice Presiding Judge

/s/ James F. Lane
JAMES F. LANE,
Judge

/s/ Charles S. Chapel
CHARLES S. CHAPEL,
Judge

/s/ Reta M. Strubhar
RETA M. STRUBHAR
Judge