**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 18 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MICHAEL JAMES LAWRENCE,

Petitioner-Appellant,

v.

EDWARD L. EVANS,

Respondent-Appellee.

No. 96-6396
(W. District of Oklahoma)
(D.C. No. CIV-96-963-M)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **PORFILIO,** and **MURPHY**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has unanimously determined that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Michael James Lawrence appeals the denial of his *pro se* petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This court concludes, for

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

substantially the reasons set forth in the Magistrate Judge's Report and Recommendation which was adopted by the district court, that Lawrence is not entitled to a Certificate of Appealability and therefore **DISMISSES** the appeal. 28 U.S.C. § 2253(c)(1)(A) (providing that a petitioner may not appeal the denial of a § 2254 petition unless he first obtains a Certificate of Appealability).

Lawrence was convicted by a jury on one count of felonious possession of a firearm and three counts of attempted subornation of perjury in connection with the shooting and death of Lawrence's ex-girlfriend.[1] In appealing the denial of his petition for writ of habeas corpus, Lawrence realleges the following three claims which he made to the Oklahoma Court of Criminal Appeals and the district court: 1) there was insufficient evidence to support his conviction of subornation of perjury; 2) the trial court erred in refusing Lawrence's proposed jury instruction regarding duress as a defense to felonious possession of a firearm; and 3) the trial court erred in failing to give a jury instruction on the defense of necessity.

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, Lawrence may not be granted habeas relief unless the state court adjudication of his claim (1) resulted in a decision that was

---

[1]Lawrence was also charged with first degree murder, but the jury acquitted him on that count.

contrary to, or involved an unreasonable application of clearly established federal law as determined by the United States Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state proceeding. 28 U.S.C. § 22543(d).

In the instant petition, Lawrence has merely realleged several of the state-based legal arguments he made on direct appeal to the Oklahoma Court of Criminal Appeals. Federal habeas corpus, however, "does not serve as an additional appeal from State court conviction." *Sinclair v. Turner*, 447 F.2d 1158, 1161 (10th Cir. 1971). Lawrence has failed to show that the state adjudication involved an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d).

With respect to Lawrence's claim that the evidence of his subornation of perjury was insufficient to sustain a conviction, Lawrence claimed the three witnesses who testified for the prosecution were not credible. As noted by the district court, however, the evidence construed in the light most favorable to the prosecution was that Lawrence "approached each of these three witnesses and asked them to testify falsely under oath." The district court correctly concluded that from this evidence, that a rational trier of fact could have found the essential elements of attempted subornation of perjury on all three counts. *See Jackson v. Virginia*, 443 U.S. 307, 324 (1979) (holding that on habeas claim based on

insufficiency of evidence, petitioner must prove "no rational trier of fact could have found proof of guilt beyond a reasonable doubt"); Okla Stat. Ann. tit. 21, § 504 (West 1983) (spelling out substantive elements).

Lawrence also argues that the state failed to prove an additional element required for a charge of suborning perjury: that the witnesses agreed to testify falsely. The Oklahoma Court of Criminal Appeals, however, in deciding against Lawrence, chose not to adopt that element as necessary to prove subornation of perjury. Because the elements of a crime are a matter of state law, the district court correctly rejected this argument as well. *See Bond v. Oklahoma*, 546 F.2d 1369, 1377 (10th Cir. 1976).

The district court furthermore appropriately rejected Lawrence's arguments that the trial court should have given his proposed instruction of duress as a defense to the charge of felonious possession of a firearm, and should have *sua sponte* given an instruction on the defense of necessity. Whether duress or necessity are defenses to the crime of felonious possession of a firearm is a question of state law. *See Romero v. Henson*, No. 90-F-550, 1991 WL 197004, at **1 (10th Cir. Oct. 2, 1991).[2] Under Oklahoma law, to convict a person charged with felonious possession of a firearm, the state need only prove "that the

---

[2]Unpublished disposition cited as persuasive authority pursuant to 10th Cir. R. 36.3.

defendant had a prior felony conviction and that he carried a pistol on his person"; self-defense is not available in response to a charge of felonious possession of a firearm. *Griffin v. West*, 791 F.2d 1578, 1580 (10th Cir. 1986). Thus, the trial court was not required to instruct the jury on Lawrence's self-defense theories.

Because Lawrence fails to make a "substantial showing of the denial of a constitutional right under 28 U.S.C. § 2253(c)(2), this court **DENIES** Lawrence a certificate of appealability and **DISMISSES** his appeal.

ENTERED FOR THE COURT,


Michael R. Murphy
Circuit Judge