### KINNEAR v. DENNIS.

No. 12592—Opinion Filed Feb. 12, 1924.

1. **Appeal and Error—Discretion of Court—Postponement of Case.**

In the course of a trial the action of the court on motion to postpone or to strike case from the day's assignment involves the exercise of judicial discretion, which will ordinarily not be disturbed; but where it is claimed that the exercise of this discretion was abused, a proper question for review is presented, as it is undoubted that this court has the power, and, in a proper case it is its duty to correct abuses.

2. **Same—Abuse of Discretion—Sickness of Attorney—Unavoidable Casualty—Rights of Litigant.**

Where during the progress of a trial the attorney for one of the parties is stricken with a serious illness and this attorney's law clerk appears and moves the court for a postponement or that the case be stricken from the day's assignment, and the record is uncontroverted in showing that the stricken attorney is the only person familiar with the facts and the theory of the case represented by him, and is the only one who has prepared to try the case, the overruling of such motion and requiring such attorney's law clerk to proceed with the trial is a denial of the right of the party litigant to be represented by counsel of his own choosing and is such an abuse of judicial discretion as to require correction by this court.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Tulsa County; A. C. Brewster, Assigned Judge.

Action by Earl Dennis against G. E. R. Kinnear to recover damages for personal injuries. Judgment for plaintiff, and defendant brings error. Reversed.

This action was commenced in the district court of Tulsa county to recover damages alleged to have been sustained by the plaintiff, Earl Dennis, in a collision between a motorcycle, on which he was riding, and an automobile driven by defendant, G. E. R. Kinnear. This damage is predicated on a compound fracture of both bones of the left leg below the knee. The action was brought for $20,000 damages, and verdict and judgment were in favor of the plaintiff for this entire amount. It will not be necessary to abstract the evidence in this case for the reason that the decision will be based upon a certain ruling of the trial court during the progress of the trial and upon which a statement of the facts in the case can shed no light. After unsuccessful motion for new trial, the case has been brought here for review by petition in error with case-made attached. The parties will be hereafter referred to as plaintiff and defendant, respectively, as they appeared in the trial court.

Biddison & Campbell, for plaintiff in error.

T. L. Brown, Moss & Owen, and Montgomery & Montgomery, for defendant in error.

Opinion by LOGSDON, C. In the petition in error herein nine assignments are made,

but in the view taken of the case here it is only necessary to consider the seventh, which reads as follows:

"The court erred in refusing to grant a postponement or to continue the trial until such time as counsel for defendant was so recovered from his illness as to be able to proceed with the trial, or until other counsel could have time for preparation."

An examination of the record in this case as it relates to the above assignment of error shows substantially the following: That the trial of this cause was commenced in the district court February 17, 1921, and proceeded during that day until the hour of adjournment at which time plaintiff had concluded his testimony and rested his case; court thereupon recessed until 9 o'clock on the morning of February 18, at which time the parties and their attorneys appeared and counsel for defendant, Mr. A. J. Biddison, announced to the court that he was ill and unable at that time to proceed with the trial, and requested that the further hearing of the case be postponed; thereupon the court entered its order postponing the further hearing of the cause until 1:30 p. m. Mr. Biddison thereupon returned to his office where, at about 11:00 o'clock, he was stricken unconscious and taken to his home where he remained in an unconscious condition for several hours. At 1:30 p. m., Mr. R. S. Davis, law clerk in the office of Biddison & Campbell, and who had sat with Mr. Biddison in the case during the previous day's proceedings, appeared in open court and announced the serious condition of Mr. Biddison and moved the court to strike the case from that day's assignment or to postpone it, which motion was by the court overruled, and Mr. Davis was compelled to proceed with the trial of the case, to which action of the court exception was taken and allowed. Thereupon the trial proceeded with the defendant being represented by Mr. R. S. Davis, and resulted in a verdict in favor of the plaintiff against the defendant for the sum of $20,000 as prayed for in his petition. This action of the court was made one of the grounds of the motion for new trial and was supported by the affidavit of W. S. Davis, and by the affidavit of A. J. Biddison.

In substance, the showing made in these affidavits is that Mr. Davis was a law clerk employed in the office of Biddison & Campbell; that he knew nothing of the facts or the law in the case on trial, but that he sat in the case with Mr. Biddison at the request of Mr. Biddison; that Mr. Biddison was employed by the defendant to represent

him with the distinct understanding at the time of such employment that Mr. Biddison should personally try the case; that he had sole charge of the case and its preparation, being the only one to advise his client in reference thereto and expected, and his client expected him, to personally try the case. No contrary showing appears in the record so for the purpose of passing upon this action of the trial court the above facts may be considered as established.

The question here presented is whether there was an abuse of judicial discretion in the action of the trial court under the circumstances shown by the record in this case. It is the general rule well established in this jurisdiction that the action of the trial court in granting or refusing a continuance will not be disturbed unless there was a clear abuse of discretion in such action. St. Louis & S. F. Ry. Co. v. Cox, 26 Okla. 331, 109 Pac. 511; Kelly v. Wood, 32 Okla. 104, 120 Pac. 1110; Elliott v. Cogswell, 56 Okla. 239, 155 Pac. 1146; M., O. & G. Ry. Co. v. West, 50 Okla. 521, 151 Pac. 212.

It is likewise well established in this jurisdiction that the absence of one of the attorneys of a party to an action does not entitle him to a continuance as a matter of right. Pierce v. Engelkemier, 10 Okla. 308, 61 Pac. 1047; Pool v. Riegal, 46 Okla. 5, 147 Pac. 1193; Jones v. Thompson, 55 Okla. 24, 154 Pac. 1139.

In the case last above cited the first paragraph of the syllabus reads as follows:

"The granting or refusing of a continuance on account of the absence of counsel is a matter of discretion with the trial court, and, unless it appears that such discretion was abused to the prejudice of the substantial rights of the litigant, the action of such court will not be disturbed on appeal."

Was there an abuse of judicial discretion in the action of the trial court here presented? Mr. Bouvier defines judicial discretion as "the equitable decision of what is just and proper under the circumstances." In Murray v. Buell et al., 74 Wis. 14, abuse of judicial discretion is defined in this language:

"The term 'abuse of discretion' exercised in any case by the trial court, as used in the decisions of courts and in books, implying in common parlance a bad motive or bad purpose, is not the most appropriate. It is really a discretion exercised to an end or purpose not justified by, and clearly against reason and evidence."

That an abuse of discretion by the trial court is a proper subject of inquiry and de-

termination in this court is well settled by numerous dicisions. C., R. I. & P. Ry. Co. v. Eastman et al., 26 Okla. 605, 110 Pac. 887; Fehlman et al. v. Kinnear et al., 85 Okla. 282, 205 Pac. 1091; New et al. v. Elliott, 88 Okla. 126, 211 Pac. 1025.

In every case a litigant has the right to be represented by counsel of his own choosing and to have his case presented to the court and jury by one familiar with the facts and the law applicable to such facts. To say that there was no abuse of discretion in the action of the trial court in this case would set a precedent whereby a litigant might be compelled at any time to accept a substitution of the court's choice of counsel for one of his own. It is not denied that Mr. Biddison was the sole and only counsel with whom defendant had consulted, and that he was acquainted with the facts in this case and with the theory of the defense, and that he had prepared himself for the trial and defense of the case. The record shows that the case had been pending some two or three years, during all of which time Mr. Biddison had represented the defendant, and the same counsel had been representing plaintiff who represented him upon the trial. To say that Mr. Davis, or any other person, during the brief period allowed in this case, could have prepared himself as to the facts and the law so as to properly represent the defendant and protect his interests is to state a mere conclusion or belief not based upon any facts in the record and not borne out by the experience of trial judges and lawyers. It is therefore concluded that the trial court abused its discretion in overruling the motion of the defendant for a postponement of the trial or that the case be stricken from that day's assignment, and that such abuse of discretion by the trial court was prejudicial to the substantial rights of the defendant, and was not an "equitable decision of what is just and proper under the circumstances."

Other errors complained of may not occur upon a retrial of this case, and will not likely arise under the same circumstances, if at all. It is therefore not deemed advisable to pass upon any of the other questions presented at this time.

For the reasons herein stated, the judgment of the trial court herein should be reversed, with directions to vacate the judgment rendered and to grant plaintiff in error a new trial.

By the Court: It is so ordered.