2004 OK CIV APP 33

**In the Matter of S.S., a deprived child,**

**Laura Sparks Sweetin, Appellant,**

**v.**

**State of Oklahoma, Appellee.**

**No. 98,576.**

Court of Civil Appeals of Oklahoma, Division No. 3.

March 12, 2004.

Letitia D. Kinsey, Kinsey & Associates, Oklahoma City, OK, for Appellant.

Timothy D. Kuykendall, District Attorney, Robin K. Wilson, Assistant District Attorney, Norman, OK, for Appellee.

Opinion by BAY MITCHELL, Presiding Judge:

¶1 Laura Sparks Sweetin, the natural mother of S.S., an adjudicated deprived child, appeals from an order terminating her parental rights following a non-jury trial. Mother argues she is entitled to a new trial because she was deprived of her right to be represented by counsel and of her right to a jury trial. Because Mother was deprived of her fundamental right to effective assistance of counsel when her parental rights were terminated, we find that the trial court abused its discretion by refusing to continue the trial, and reverse and remand for a new trial.

¶2 In May 2000, DHS took the minor child S.S. into protective custody when they discovered she had a spiral fracture of her right tibula. Mother stipulated that S.S. was a deprived child on May 24, 2000. S.S.'s father was later convicted of the abuse and relinquished his parental rights. Mother initially requested and received court-appointed counsel on May 11, 2000. It appears this attorney withdrew, however, and Letitia Kinsey was appointed as Mother's counsel on December 19, 2000. Ms. Kinsey represented Mother for the remainder of these proceedings and also represents Mother on appeal.

¶3 On November 28, 2001, the State filed a motion to terminate Mother's parental rights based on her failure to correct the conditions [1] which led to the adjudication and that S.S. had been in foster care for at least fifteen of the most recent twenty-two months. The termination hearing was originally set for jury trial on February 25, 2002. However, on February 22 Mother appeared through counsel and waived her right to a jury trial, and the court set the non-jury trial for April 3, 2002. Later, by agreement of all

---

1. It was specifically alleged that Mother had failed to comply with the court-ordered treatment plan in that she failed to follow recommendations indicated by her substance abuse assessment, failed to complete anger management classes, domestic violence counseling, parenting classes and had failed to provide an appropriate home for S.S.

parties, the non-jury trial was rescheduled for June 5, 2002. Mother's attorney filed a motion for continuance on May 31, 2002 because she was recovering from surgery. The case then appears to have been continued to October 30, 2002. Each time the trial was rescheduled, the court order noted that it was set for non-jury trial.[2]

¶4 On October 25, 2002, five days before trial, Mother's counsel filed a "Motion to Advise Courts of Potential Conflict." The case style and number were for a criminal case in Murray County and presumably it was filed there. It was also filed in the instant case. In that pleading Counsel stated she had a criminal jury trial set on October 29 in Murray County that was "set first in time". The pleading asked both courts to communicate directly and permit a continuance of the non-priority case. It stated that if she (Mother's attorney) "does not have notice otherwise," she intended to appear at the criminal trial in Murray County instead of this trial.[3]

¶5 Mother's counsel makes several allegations in her brief that the State promised a continuance would be granted and that she had tried to contact the judge in this case on several occasions prior to trial. However, these allegations are not supported by any citation to the record or even an attorney's affidavit and cannot be considered as evidence on appeal. *See Matter of Rich,* 1979 OK 173, ¶15, 604 P.2d 1248, 1253 (noting reviewing court is confined to the record and cannot accept an argument for which there is no foundation in the appellate record).

¶6 Mother's counsel never requested a hearing on her motion, and this matter was not argued until October 30th, the day of the trial. Both the State and the court-appoint-

ed counsel for the minor child objected to another continuance. Mother's counsel chose to appear at the Murray County criminal trial, but sent another attorney from her office on the morning of trial in the instant case for the sole purpose of requesting a continuance. Mother's substitute counsel advised the court that she was not familiar with the case, and that if the court did not grant the continuance, Mother would have to proceed with trial *pro se.* The trial court nonetheless denied the request for a continuance and stated the trial would begin that afternoon at 1:30 p.m. After opening statements and the testimony of four of the State's seven witnesses, a second substitute counsel from Ms. Kinsey's office arrived to represent Mother. This attorney was completely unfamiliar with the case and was only given a short time to determine what had transpired thus far at trial and speak with Mother before the trial continued.[4] At the conclusion of this non-jury trial Mother's parental rights were terminated.

¶7 Mother argues on appeal that she was denied due process when the trial court refused to continue the trial, forcing her to proceed *pro se* for approximately half of the trial, and then with an unprepared substitute counsel for the remainder of the trial. Mother's counsel, the same court-appointed attorney who failed to attend the trial, does not raise on appeal the issue of ineffective assistance of counsel. However, if a fundamental constitutional right is violated, it is the duty of this Court to raise the issue *sua sponte. In re Adoption of F.R.F.,* 1994 OK CIV APP 9, ¶11, 870 P.2d 799, 802. Further, we find that this argument was implicit in Mother's argument that she was denied her right to counsel when she was forced to proceed *pro se.* The State counters that Mother's due

---

2. This Court has not considered any material submitted by the parties in their Appendixes that were not contained in the certified record. *See* Okla. Sup.Ct. R. 1.11(i)(1). It is possible that another continuance was granted in the interim, but the certified record is not clear on this point.

3. The "Motion to Advise Courts of Potential Conflict" was apparently an attempt by counsel to comply with *Guidelines for Resolving Scheduling Conflicts in Oklahoma Courts,* 1997 OK CR 72, 952 P.2d 993, which was adopted by the Okla-

homa Court of Criminal Appeals to resolve conflicts that may arise in criminal cases.

4. The record does not indicate how much time the court allowed the substitute counsel to prepare. Mother's brief states "approximately seven minutes." However, the court allowed her from the time of the recess until 2:45 p.m. Because the trial was scheduled to begin at 1:30 p.m., and the State had already presented four witnesses prior to the recess, substitute counsel could not have had much time to prepare.

process rights were not violated because she was adequately represented by the substitute counsel. The State also asserts it had a compelling interest in providing permanency to the minor child, which was sufficient justification to proceed with trial with Mother being unrepresented. Finally, the State contends that Mother's counsel did not properly request a continuance and did not have a true conflict that prevented her from attending this trial.

¶ 8 A proceeding to terminate parental rights threatens to end the parent-child relationship, which is a fundamental right protected by the due process clause of the Oklahoma Constitution, Art. 2, § 7. *In re D.D.F.*, 1990 OK 89, ¶ 13, 801 P.2d 703, 706. Oklahoma law clearly provides that parents are entitled to representation by counsel at these trials, including court-appointed counsel if they are indigent. *In re Chad S.*, 1978 OK 94, ¶¶ 11–12, 580 P.2d 983, 985; *see also* 10 O.S.2001 § 7003–3.7(A)(1) (requiring court-appointed counsel for indigent parent in parental termination proceeding if requested). The Oklahoma Supreme Court has emphasized the necessity of counsel at these hearings, stating:

> The deprivation of these rights is a serious matter, and failure to provide counsel may result in a deprivation of due process. . . . [S]uch proceedings *shall not be held* without the parents having an opportunity to be represented by counsel.

*In re D.D.F.*, ¶¶ 13–14, 801 P.2d at 706–07 (emphasis added).

¶ 9 Due to the fundamental rights involved, a child deprivation proceeding "requires that the full panoply of procedural safeguards must be applied ... includ[ing] the right to counsel." *In re Chad S.*, ¶ 12, 580 P.2d at 985. The Oklahoma Supreme Court has compared this proceeding with a criminal trial, stating:

> While a dependency proceeding is not a criminal proceeding, it is substantially similar. The state is the initiating party, the proceeding is formal, and the potential loss is quite substantial. Since the state is threatening the deprivation of a fundamental interest, *it must provide counsel to indigent parents unless it can demon-*

*strate a compelling state interest in not providing counsel.*

*Id.* at ¶ 13, 580 P.2d at 985–86 (quoting *Davis v. Page*, 442 F.Supp. 258 (S.D.Fla.1977) (emphasis added)). The failure to provide counsel during a parental termination proceeding is reversible error. *Id.* at ¶¶ 14–15, 580 P.2d at 986 (reversing an order terminating mother's parental rights at a hearing when mother was not represented by counsel and had not been advised that the court would appoint counsel if she was indigent).

¶ 10 The fundamental right to counsel at a termination proceeding includes the right to *effective assistance of counsel*, because the right would be meaningless if counsel were not required to represent the parent "in a matter consistent with an objective standard of reasonableness." *In re D.D.F.*, ¶ 15, 801 P.2d at 707. Although the Oklahoma Supreme Court has not enunciated a standard for determining the effectiveness of counsel in termination proceedings, the Court of Civil Appeals has applied the standards used in criminal trials. *In re R.S.*, 2002 OK CIV APP 90, ¶ 16, 56 P.3d 381, 384; *In re K.L.C.*, 2000 OK CIV APP 98, ¶ 7, 12 P.3d 478, 480. We agree that the standards applied in criminal proceedings regarding effective assistance of counsel should apply to a proceeding to terminate parental rights. *See In re Chad S.*, ¶ 13, 580 P.2d 983, 985–86 (comparing child dependency proceeding to criminal trial because in both proceedings, the State is threatening the deprivation of a fundamental interest).

¶ 11 To prove ineffective assistance of counsel, a parent must show both that the attorney's performance was deficient, and that it prejudiced the defense. *In re R.S.*, ¶ 16, 56 P.3d at 384. The reviewing court must look at the proceedings as a whole, and "[t]here is a strong presumption that counsel's performance falls within the wide range of professional assistance." *Id.* at ¶ 18, 56 P.3d at 384.

¶ 12 However, the " 'actual or constructive denial of assistance of counsel altogether *is legally presumed to result in prejudice.'* " *Young v. State*, 1994 OK CR

84, ¶ 6, 902 P.2d 1089, 1090 (emphasis added) (quoting *Penson v. Ohio,* 488 U.S. 75, 86, 109 S.Ct. 346, 353, 102 L.Ed.2d 300 (1988)). When a defendant is deprived of counsel, it is inappropriate to apply either the prejudice requirement or the harmless error analysis. *Young,* ¶ 6, 902 P.2d at 1090 (granting defendant new appeal where appellate counsel did not take any action, which resulted in a denial of assistance of counsel the same as if no counsel had been appointed). The United States Supreme Court has also stated that a complete denial of counsel at a critical stage of a criminal trial creates an unfair trial and requires reversal, emphasizing that it "has uniformly found constitutional error without any showing of prejudice when counsel was either totally absent, or prevented from assisting the accused during a critical stage of the proceeding." *United States v. Cronic,* 466 U.S. 648, 659 & n. 25, 104 S.Ct. 2039, 2047, 80 L.Ed.2d 657 (1984).

¶ 13 Here, it is undisputed that Mother did not have any counsel during at least half of the State's case-in-chief. She was forced to proceed *pro se* for opening statements and during the State's examination of four of its seven witnesses. Mother did not present an opening statement and was not able to effectively cross-examine any of these first four witnesses. Because Mother was deprived of her court-appointed counsel during a crucial portion of this trial, we will presume prejudice pursuant to *Young v. State* and find that Mother was denied her fundamental right to effective assistance of counsel.

¶ 14 We do not agree with the State that representation by substitute counsel during the last half of the trial was sufficient to satisfy Mother's due process right to assistance of counsel. Mother was entitled to representation during the entire trial. Allowing less would make the right to counsel meaningless. Further, it is undisputed that the substitute counsel was completely unfamiliar with the case before she arrived and was only allowed a few minutes to prepare during a recess in the middle of trial. *See Powell v. Alabama,* 287 U.S. 45, 53 S.Ct. 55,

59, 77 L.Ed. 158 (1932) (emphasizing court-appointed counsel must be appointed in sufficient time for counsel to be effective).

¶ 15 The State argues, however, that the court correctly refused to grant the continuance because Mother's attorney did not properly request the continuance and did not have a true conflict that would prevent her from appearing at this trial. Although Mother's counsel never requested a hearing, she contends that filing the "Motion to Advise Courts of Potential Conflict" satisfied her obligation to notify the courts of the conflict and that the two judges were then required to communicate and grant a continuance in one of the cases.[5] That did not happen and on the day of trial Mother's attorney sent a substitute counsel for the sole purpose of arguing for a continuance.

¶ 16 We need not determine whether or not Mother's counsel had an unresolvable conflict with the criminal trial, and whether she complied with the *Guidelines for Resolving Scheduling Conflicts in Oklahoma Courts,*[6] not to mention whether those Guidelines were even applicable at all. The issue we address here has constitutional significance which is not affected by the questions just mentioned. The question we do address is whether the trial court abused its discretion by denying a continuance, when denying the continuance resulted in the deprivation of Mother's fundamental right to effective assistance of counsel at trial.

¶ 17 It is well-established that trial courts have the discretion to rule on motions for continuances, and this ruling will only be reversed for an abuse of that discretion. *Kinnear v. Dennis,* 1924 OK 171, 97 Okla. 206, 223 P. 383, 384. However, when the failure of the court to grant a continuance results in the deprivation of the litigant's right to be represented by counsel who is familiar with the facts and law of his case, the court abuses its discretion. *Id.* at 385. In *Anderson v. State,* 1922 OK CR 21, 21 Okla.Crim. 193, 207 P. 977, 983, the Oklahoma Supreme Court discussed the interaction of a criminal defendant's right to counsel

---

5.  *See* footnote 3, *supra.*

6.  *See* footnote 3, *supra.*

and the trial court's discretion to grant continuances as follows:

> Absence of counsel is not made one of the statutory grounds for a continuance. If, however, the trial court's action in overruling an application on this ground *resulted in depriving the defendant of the benefit of counsel, or even if it appeared from the record that the defendant had a substantial defense to the charge which he was unable to present by reason of the absence of counsel,* this court would unhesitatingly set aside a conviction for failure to grant a reasonable continuance.

(emphasis added). The trial court does not abuse its discretion by refusing a continuance, however, when the defendant was represented by competent co-counsel during the trial. *McCormick v. State,* 1954 OK CR 146, ¶ 8, 279 P.2d 359, 362.

¶ 18 In a civil trial, the Oklahoma Supreme Court held that the trial court abused its discretion by refusing to grant a continuance where the defendant's only counsel became ill in the middle of trial, and a law clerk, who was unfamiliar with the case, was required to finish the trial. *Kinnear v. Dennis,* 1924 OK 171, 97 Okla. 206, 223 P. 383. The Court noted that allowing the trial court's action "would set a precedent whereby a litigant might be compelled at any time to accept a substitution of the court's choice of counsel for one of his own." *Id.* at 384. Similarly, the Court of Criminal Appeals held that in a criminal trial, the court abused its discretion by denying a continuance filed by lead defense counsel the day before trial due to illness. *Wyatt v. State,* 1966 OK CR 6, 410 P.2d 86, 90. Although another attorney was available to try the case, the court's action still resulted in a denial of effective counsel because the substitute counsel was not familiar with the case. *Id.* at ¶¶ 24–25, 410 P.2d at 90; *see also Gilroy v. State,* 1938 OK CR 64, 64 Okla.Crim. 332, 80 P.2d 602 (finding trial court abused its discretion by refusing a continuance and appointing different counsel on day of trial where defense attorney was ill).

■ ¶ 19 We recognize that the State had an interest in proceeding with trial to obtain permanency for the minor child, who had been in foster care for an extended period. *See* 10 O.S.2001 § 7001–1.2(B). However, this trial had already been continued several times, at least once at the request of both parties. We do not agree that this presented a sufficiently compelling interest to proceed with the trial on that particular day in violation of Mother's fundamental right to counsel. Similarly, the trial court's interest in controlling its docket and the attorneys who appear before it did not justify depriving Mother of her right to counsel. The court has other methods at its disposal for controlling attorneys who do not follow the court's rules or procedures and who fail to appear for trial leaving their clients to fend for themselves.

¶ 20 As stated by the Oklahoma Supreme Court: "We find that parental rights are too precious to be terminated without the full panoply of protections afforded by the Oklahoma Constitution. We know that the best interest and welfare of the child is the primary consideration, but we also know that *this goal is best achieved by full compliance with the law.*" *A.E. v. State,* 1987 OK 76, ¶ 22, 743 P.2d 1041, 1048 (emphasis added and internal footnotes omitted). Here, as in *Kinnear* and *Wyatt,* the trial court abused its discretion by denying a continuance and thereby depriving Mother of her fundamental right to counsel.

¶ 21 Because we reverse and remand for a new trial on this ground it is unnecessary to consider Mother's second proposition of error regarding her right to a jury trial.

¶ 22 REVERSED AND REMANDED.

HANSEN, J., and JOPLIN, J., concur.