2013 OK CIV APP 13

**In the Matter of J.B., an Adjudicated Deprived Child,**

**Donna Burrell, Appellant,**

v.

**The State of Oklahoma, Appellee.**

**No. 110,277.**

Court of Civil Appeals of Oklahoma, Division No. 2.

Dec. 14, 2012.

Robert A. Ravitz, Public Defender, Paul M. Clark, Assistant Public Defender, Oklahoma County, Oklahoma City, Oklahoma, for Appellant.

David W. Prater, District Attorney, Valerie L. Baker, Assistant District Attorney, Oklahoma County, Oklahoma City, Oklahoma, for Appellee.

Daniel A. Loeffler, McAfee & Taft, Oklahoma City, Oklahoma, for Child.

JANE P. WISEMAN, Judge.

¶1 Donna Burrell (Mother) appeals from an order of the trial court upon jury verdict terminating her parental rights to her minor son, JB, on the ground that she failed to correct the conditions that led to adjudication of JB as deprived. The issues raised by Mother on appeal in her brief in chief are (1) whether Mother's trial counsel rendered ineffective assistance, and (2) whether the trial court abused its discretion when it excluded evidence offered by Mother regarding a grievance she filed against her caseworker. Mother has filed a motion asking this Court for leave to supplement the appellate record with affidavits containing information that support Mother's claim of ineffective assistance of counsel. We decline to supplement the appellate record with information that was not before the trial court. Due to the special nature of termination proceedings and a parent's right to counsel in such proceedings, we must remand this matter to the trial court for an evidentiary hearing regarding the evidence Mother seeks to introduce through her motion to supplement in support of her claim of ineffective assistance of counsel.

## FACTS AND PROCEDURAL BACKGROUND

¶2 On December 1, 2006, the State of Oklahoma filed a petition to adjudicate JB, who was born in November 2006, as deprived. State alleged: (1) JB lacks the proper parental care and guardianship necessary for his physical, mental, and emotional well-being; (2) Mother's home is unfit due to substance abuse; (3) Mother and JB "tested positively" at JB's birth; (4) Mother is a minor and a ward of the court as an adjudicated deprived child; (5) Mother has been AWOL for a period of time and attempted to deliver the baby under a false name to avoid DHS involvement; and (6) at the time of the petition's filing, Mother's whereabouts were unknown because, after the birth of the child, she left the hospital against medical advice and abandoned the baby.

¶3 On March 16, 2007, Mother stipulated to the deprived petition. Her Individualized Service Plan (ISP) required her to (1) attend, complete, and follow the recommendations of a parenting skills program; (2) complete a DHS-approved substance abuse program and follow the recommendations of the program; (3) complete a psychological evaluation, obtain recommendations, and follow those recommendations; (4) participate in and complete individual counseling and follow the recommendations of her service providers; (5) participate in home-based counseling and follow the recommendations of the service provider; (6) attend school and complete the requirements to receive her GED or high school diploma; (7) obtain and maintain a legal source of income; (8) refrain from substance abuse and other illegal activity and ensure that JB is not exposed to substance abuse or illegal activity; (9) provide JB with a safe, clean home, provide for his nutritional needs, provide an age-appropriate bed, and provide care and supervision at all times when he is in her care; (10) make sure, when JB is returned to her care, that JB receives needed medical and dental care; (11) visit JB according to the visitation plan or court order; and (12) contact her DHS case worker, attend and participate in permanency hearings and planning reviews, and sign a release to allow DHS to share information.

¶4 On September 24, 2007, orders were filed (1) adjudicating JB as deprived as to the unknown father and terminating the rights of the unknown father, (2) adjudicating JB deprived and terminating the parental rights of "Venday or Vindi 'Last Name Unknown,'" and (3) adjudicating JB deprived and terminating the parental rights of the father, Jacob Wilson.

¶5 State filed a petition to terminate Mother's parental rights to JB for failure to correct the conditions leading to the deprived adjudication. Mother failed to appear, and the court entered an order terminating parental rights. Mother filed a motion to set aside the termination, which the trial court granted.

¶6 A trial was then held on December 6, 7, and 8, 2011. An assistant public defender for Oklahoma County appeared on behalf of Mother at trial. State called Mother to testify at trial, and Mother's counsel cross-examined her. Kimberly Corryell, the child welfare specialist assigned to JB's case since May or June 2008, also testified on behalf of State, and the assistant public defender also cross-examined her. Trina House, JB's current foster mother, also testified on behalf of State, but Mother's counsel did not cross-examine her. The only witness called on behalf of Mother was Deona Burrell, Mother's older sister. The only questions asked by Mother's counsel on direct examination, other than background questions regarding Deona's biographical information such as name, date of birth, occupation, address, and relationship to Mother, were questions relating to whether Mother lived with Deona after Mother moved to Oklahoma City from Medford, information regarding Mother's current apartment, and whether Deona had lived in Mother's current apartment with her. Counsel introduced only two exhibits on Mother's behalf, a certificate of completion for a parenting class and a certificate of completion dated May 15, 2008, for an "AOD Education/Relapse Prevention Program," dated July 30, 2008.

¶7 At the trial's conclusion on December 8, 2011, the jury found that Mother's parental rights should be terminated. An adjudication order was filed on December 9, 2011,

which includes a court minute stating that the jury returned a verdict terminating Mother's parental rights.

¶ 8 On January 9, 2012, Paul M. Clark, an assistant public defender for Oklahoma County, filed a petition in error on behalf of Mother. Attached to the petition in error was the adjudication order filed on December 9, 2011. On January 12, 2012, the Supreme Court directed Mother to file an amended petition in error and attach an order prepared in conformity with 12 O.S. § 693.3. Mother filed an amended petition in error on January 31, 2012, with an order terminating Mother's parental rights filed on January 27, 2012. On April 2, 2012, counsel for Mother filed a "Rule 1.6(A) Motion to Supplement Appeal Record" asking this Court to allow her to supplement the appellate record with three affidavits concerning "the statements of potential witnesses whom trial counsel never interviewed or called on [Mother's] behalf." The motion states that Mother contends on appeal that:

> [T]rial counsel rendered ineffective assistance of counsel in violation of due process by failing to interview or subpoena the witnesses in question. The attached affidavits contain the witnesses' claims regarding the factual circumstances of the case. The affidavits also allege that the witnesses were never interviewed, subpoenaed, or otherwise contacted to appear on [Mother's] behalf at trial. The affidavits are therefore essential to enable the Court to make an informed decision regarding whether trial counsel rendered ineffective assistance.

Two of the affidavits contain the sworn statements of Brenda McCray, an investigator employed by the Oklahoma County Public Defender. One McCray affidavit provides information from an interview of Karen Gilbert by Paul Clark and the other affidavit details an interview by Paul Clark of Adrina Burrell, Mother's younger sister. The third affidavit contains the sworn statement of Bonita Little, primary clinician from Total Life Counseling Foundation, in which she states she was Mother's primary clinician and counselor from May 2, 2011, through November 7, 2011. The Supreme Court deferred consid-

eration of the motion to supplement to the decisional stage of this appeal.

## ANALYSIS

¶ 9 We must first address whether Mother is allowed to supplement the record on appeal. In support of her motion to supplement, she cites Oklahoma Supreme Court Rule 1.6(a), 12 O.S.2011, ch. 15, app. 1, which provides the following:

> All motions shall contain a brief statement of relevant facts, the relief requested, and the applicable law. No separate brief in support of a motion will be accepted for filing. The motion and response shall be duplicated on letter-size 8–1/2″ × 11″ white paper, and an original and ten copies shall be filed.

> A response shall be filed within fifteen (15) days of filing of the following motions: (1) Motion to stay or suspend a judgment; (2) Motion to dismiss an appeal on jurisdictional grounds; (3) Motion for attorney's fees; and (4) Motion for judgment on supersedeas bond. No response to any other motion is necessary unless otherwise provided by Rule or Order of this Court. Where the facts relied upon are not of record in the Supreme Court, the motion or response shall be supported by affidavit.

> When the Court deems appropriate it may deny a motion or application without a response from opposing counsel.

¶ 10 Although Rule 1.6(a) provides that where the facts relied upon are not of record, the movant or respondent must support the motion with an affidavit, the Rule does not specifically address the situation presented here. In this case, we are confronted with a motion to supplement the record seeking to provide information regarding ineffective assistance of counsel, a matter which is usually not before a civil appellate court.

¶ 11 In *Arkansas Valley State Bank v. Phillips,* 2007 OK 78, ¶ 11, 171 P.3d 899, 904, the Oklahoma Supreme Court addressed the right to counsel in civil cases. The Court stated:

> The United States and Oklahoma Constitutions provide that accused parties in criminal prosecutions have the right to the as-

sistance of counsel. These guarantees do not extend to civil proceedings. A right to counsel may have its constitutional basis in the general constitutional guarantees of due process found in the United States and Oklahoma Constitutions. The right to counsel mandated by due process of law is generally confined to criminal prosecutions.

(Footnotes omitted.)

■ ¶ 12 This general rule limiting the right to counsel (and to effective counsel) to criminal cases, however, does not control in termination of parental rights cases. Pursuant to "the Fourteenth Amendment and the statutes of Oklahoma, the fundamental nature of parental rights requires that the right to counsel must be observed in proceedings that may lead to the termination of parental rights." *In re D.D.F.*, 1990 OK 89, ¶ 11, 801 P.2d 703, 706. The Supreme Court held in the *In re D.D.F.* case "that the right to counsel is the right to effective assistance of counsel." *Id.* at ¶ 15, 801 P.2d at 707. "The right to counsel would be of no consequence if such counsel were not required to represent the parent in a manner consistent with an objective standard of reasonableness." *Id.*

¶ 13 The Oklahoma Court of Criminal Appeals has adopted a rule regarding supplementing the record in a criminal case where a defendant has claimed ineffective assistance of counsel. Rule 3.11(B)(3) of the Rules of the Court of Criminal Appeals, 22 O.S.2011, ch. 18, app., provides: "The Record on appeal is formulated only by matters which have been admitted during proceedings in the trial court. A request to supplement the record on appeal with matters not presented to and included as a part of the trial court record is only available" under two circumstances: (1) "[m]atters timely and properly admitted as a part of a motion for a new trial ..." and (2) "[w]hen an allegation of the ineffective assistance of trial counsel is predicated upon an allegation of failure of trial counsel to properly utilize available evidence or adequately investigate to identify evidence which could have been made available during the course of the trial, and a proposition of error alleging ineffective assis-

tance of trial counsel is raised in the brief-in-chief of Appellant...." In cases involving ineffective assistance of counsel, "appellate counsel may submit an application for an evidentiary hearing, together with affidavits setting out those items alleged to constitute ineffective assistance of trial counsel." *Id.* "The proposition of error relating to ineffective assistance of trial counsel can be predicated on either allegations arising from the record or outside the record or a combination thereof." *Id.*

¶ 14 Court of Criminal Appeals Rule 3.11(B)(3)(b) provides the following procedure when considering applications raising a claim of ineffective assistance of trial counsel based on evidence not in the trial record:

(i) In order to rebut the strong presumptions of regularity of trial proceedings and competency of trial counsel, the application and affidavits must contain sufficient information to show this Court by clear and convincing evidence there is a strong possibility trial counsel was ineffective for failing to utilize or identify the complained-of evidence.

(ii) If this Court determines such a strong possibility exists, it shall remand the matter to the trial court for an evidentiary hearing, utilizing the adversarial process, and direct the trial court to make findings of fact and conclusions of law solely on the issues and evidence raised in the application. The order directing an evidentiary hearing shall set out the scope of the hearing. The trial court shall have discretion as to the number of witnesses who can be called in support or opposition to the issues and evidence identified by this Court as being within the scope of the evidentiary hearing. The order shall also set out the time requirements for the completion of the record, to include the court's findings and supplemental briefing, if different from the time requests set out in this Rule.

(iii) Upon remand, the trial court shall conduct an evidentiary hearing within thirty (30) days from the date of remand. The court reporter shall complete and file an original and two (2) certified copies of the transcripts with exhibits attached (original and three (3) certified copies in capital

cases) within twenty (20) days of the completion of the evidentiary hearing. The trial court shall then make written findings of fact and conclusions of law to be submitted to this Court within twenty (20) days of the filing of the transcripts in the District Court. The findings of fact and conclusions of law shall determine the availability of the evidence or witness, the effect of the evidence or witness on the trial court proceedings; whether the failure to use a witness or item of evidence was trial strategy, and if the evidence or witness was cumulative or would have impacted the verdict rendered.

(iv) The findings of fact and conclusions of law of the trial court shall be given strong deference by this Court in determining the proposition raised by appellate counsel; however, this Court shall determine the ultimate issue whether trial counsel was ineffective.

(v) The clerk of the District Court shall transmit the record to the Clerk of this Court, and Appellant's attorney, within five (5) days of filing of the trial court's written findings of fact and conclusions of law. The Clerk of this Court shall upon receipt, then deliver copies of the record and transcripts to the Attorney General or attorney representing the State.

(vi) A supplemental brief may be filed by either party within twenty (20) days after the trial court's written findings and conclusions are filed in this Court. A supplemental brief shall be limited to ten (10) pages and shall address only issues concerning the record supplementation. A request to exceed the page limitation must be filed in writing setting forth a specific basis for need.

¶ 15 The Court of Criminal Appeals has thus provided a specific procedure to consider supplementation of the record for ineffective assistance of counsel claims. However, Oklahoma has separate appeals systems for civil and criminal cases, and the Rules of the Court of Criminal Appeals do not apply *per se* to cases before this Court. After examining those Rules, however, we find the rule regarding supplementing the record on ineffective assistance of counsel

claims provides detailed and appropriate guidance for considering such issues in termination of parental rights cases.

¶ 16 Other appellate courts have also taken up this question. A Texas intermediate Court of Appeal has addressed the question of the appropriate procedure to allow parents to develop the record when they assert a claim on appeal for ineffective assistance of counsel. Texas also has a dual civil/criminal appellate court system similar to Oklahoma's system. *See Walters v. Oklahoma Ethics Comm'n*, 1987 OK 103, n. 8, 746 P.2d 172 (Opala, J., concurring). In *In re K.K.*, 180 S.W.3d 681 (Tex.App.2005), the Court of Appeal of Texas, Waco, abated the appeal in an ineffective assistance of counsel case finding:

In a parental-rights termination case where the parent asserts on appeal the ineffective assistance of trial counsel, but nothing in the record indicates trial counsel's reasons or strategies for the complained-of conduct, the lack of a record is practically always fatal to the parent's appellate issue under current Texas law. Because of this and because they have no further recourse, we abate this appeal and remand the cause to the trial court for a hearing at which Appellants can have a meaningful opportunity to develop an evidentiary record to support their ineffective assistance of counsel claims.

*Id.* at 683. In Texas, an ineffective assistance of counsel claim "can be raised for the first time on appeal." *Id.* at 684. The Court noted that "unlike ineffective-assistance claims in criminal cases, which have the writ of habeas corpus as a safety net to develop a record for such claims, parental-rights termination cases have no similar mechanism available." *Id.* at 686 (footnote omitted). In parental rights termination cases, "indigent parents have no 'meaningful opportunity' to develop a post-trial record to support an ineffective-assistance claim." *Id.* The holding from Texas in *In re K.K.* is not binding on this Court and is cited for the limited purpose of showing how another court of appeal addressed a claim of ineffective assistance of counsel in which a parent had been unable to develop the record in the trial court.

¶ 17 In a similar case, *In re C.H.*, 166 P.3d 288 (Colo.App.2007), the Colorado Court of Appeals noted that "[b]ecause Colorado law provides no specific mechanism for challenging the effectiveness of counsel in a termination case, a parent must employ one of the general procedures available in civil cases, such as direct appeal." *Id.* at 291.[1] The Colorado Court of Appeals recognized that "[c]ertain problems may arise if an ineffective assistance claim is presented for the first time on direct appeal." *Id.* The principal difficulty is the record on appeal "may not contain sufficient information to enable the appellate court to resolve the parent's contentions." *Id.* The Colorado Court concluded, "When the record is insufficient, appellate courts generally remand the case to the trial court for further findings and conclusions." *Id.* The Court cautioned, however, that the matter should only be remanded if the "parent's allegations are sufficiently specific and compelling to constitute a prima facie showing of ineffective assistance of counsel." *Id.*

■ ¶ 18 When a parent in a termination case claims ineffective assistance of counsel, we think the best approach is similar to that taken in the two cases cited above—to send the matter back to the trial court for an evidentiary hearing. When a parent in a termination case has been unable to adequately develop a record to support a claim of ineffective assistance of counsel due to a direct appeal and thus seeks to supplement the appellate record, the Court of Civil Appeals should remand the matter to the trial court for an evidentiary hearing on the question. The remand should only be ordered, however, if the parent on appeal presents a prima facie case of ineffective assistance of counsel.

¶ 19 This Court has previously held that the standard applicable to ineffective assistance of counsel claims in criminal matters should be applied in termination of parental rights proceedings. *In re S.S.*, 2004 OK CIV APP 33, ¶ 10, 90 P.3d 571, 575. We also stated there that "[t]o prove ineffective assistance of counsel, a parent must show both that the attorney's performance was deficient, and that it prejudiced the defense." *Id.* at ¶ 11, 90 P.3d at 575.

¶ 20 In criminal cases, a defendant must meet the test set out by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), that requires a defendant to show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction ... resulted from a breakdown in the adversary process that renders the result unreliable." According to the Oklahoma Court of Criminal Appeals, "[i]neffective counsel claims must always overcome a strong initial presumption that counsel rendered reasonable professional assistance by showing: (1) that trial counsel's performance was deficient; and (2) that [defendant] was prejudiced by the deficient performance." *Hancock v. State*, 2007 OK CR 9, ¶ 106, 155 P.3d 796, 821.

■ ¶ 21 The central issue in Mother's case was whether she corrected the conditions leading to JB's adjudication as deprived. Although other witnesses who could address this issue were apparently available, Mother's counsel called only one witness on her behalf and asked that witness very few questions. The affidavits submitted by Mother on appeal indicate that her counsel never interviewed Mother's and JB's former foster mother, Karen Gilbert, the person who spent the most time with Mother and JB. According to Bonita Little's affidavit offered for inclusion in the appellate record, counsel for Mother also never contacted or interviewed Little, Mother's counselor and primary clinician up until the month before trial.

---

1. The *In re C.H.* opinion cites *E.T. v. State of Florida*, 930 So.2d 721, n. 2 (Fla.Dist.Ct.App. 2006), wherein the District Court of Appeal of Florida stated that at that time, 31 states had addressed the issue of ineffective assistance of counsel in termination of parental rights cases. The court noted that of those 31 states, 27 states, including Oklahoma and Texas, have allowed the issue to be raised on direct appeal. *Id.* However, the issue before us today is not whether the issue may be raised on direct appeal, but how this Court will address the issue of supplementing the record to support the claim of ineffective assistance of counsel.

¶ 22 Referring to Court of Criminal Appeals Rule 3.11 for guidance, we find that Mother has made a prima facie showing entitling her to have the matter remanded to the trial court for further proceedings on the issue. Her trial counsel called only one witness on Mother's behalf, a witness who did not provide any information regarding JB, and counsel did not elicit any testimony from that witness regarding JB, Mother's care of JB, or Mother's progress in her treatment plan. Outside of those working for DHS, the witnesses who would be most familiar with Mother's care of JB and her progress on her treatment plan were never contacted or interviewed and did not testify.

¶ 23 In light of Mother's motion to supplement the record, we decline to address Mother's ineffective assistance of counsel claim on its merits and remand the matter to the trial court to conduct an evidentiary hearing on Mother's motion to supplement the record. We refer the trial court to Rule 3.11 of the Rules of the Court of Criminal Appeals for guidance on how to proceed with the hearing. The scope of the hearing shall be limited to the evidence and witnesses outlined in the motion to supplement the record. This Court will address the issue of whether Mother's counsel was ineffective after the trial court submits its written findings of fact and conclusions of law.

¶ 24 **REMANDED FOR FURTHER PROCEEDINGS.**

FISCHER, C.J., and BARNES, P.J., concur.