OSCN Found Document:IN THE MATTER OF N.L.

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 IN THE MATTER OF N.L.
2015 OK CIV APP 24
347 P.3d 301
Case Number: 111854
Decided: 12/12/2014
Mandate Issued: 03/23/2015
DIVISION II
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION II
Cite as: 2015 OK CIV APP 24, 347 P.3d 301

 

IN THE MATTER OF N.L., an Alleged Deprived Child,

TRACY SEAL, Appellant,
v.
THE STATE OF OKLAHOMA, 
Appellee.

APPEAL FROM THE DISTRICT COURT OF STEPHENS COUNTY, OKLAHOMA
HONORABLE G. BRENT RUSSELL, TRIAL JUDGE

REVERSED AND REMANDED FOR A NEW TRIAL

Joe K. White, Duncan, Oklahoma, for Appellant
Jason M. Hicks, DISTRICT 
ATTORNEY (6TH DISTRICT), Amanda Mullins, ASSISTANT DISTRICT ATTORNEY, Chickasha, 
Oklahoma, for Appellee


KEITH RAPP, JUDGE:
¶1 Tracy Seal (Mother) appeals a judgment entered in a nonjury trial 
conducted on the motion of the State of Oklahoma (State) to terminate her 
parental rights to her child, N.L.[1]
BACKGROUND
¶2 This action was tried as a nonjury case. The court previously adjudicated 
N.L. as a deprived child, placed him in the custody of the Department of Human 
Services (DHS) and then foster care.
¶3 The State's evidence showed that Mother had been provided an 
Individualized Service Plan (ISP) giving her instructions and conditions. 
According to DHS records, Mother had completed only one of the ISP requirements 
and more than ninety days had passed since the date of the ISP. In addition, 
Mother had not visited N.L. for just over two years and had made no effort to 
contact N.L. by telephone or mail. The DHS witness testified that N.L.'s best 
interest would be served by termination of Mother's parental rights.[2]
¶4 The foster parent testified that she would have facilitated contact 
between Mother and N.L. She confirmed that Mother had not made any contact.
¶5 Mother testified and stated that she had a seventh grade education. In her 
testimony, Mother generally admitted that she had not completed all of the plan 
conditions and acknowledged that she was aware of what conditions were required. 
She agreed that she had not visited or contacted N.L. for just over two years 
and that she knew how to do so through DHS. Mother acknowledged that she made no 
financial contribution to support N.L.
¶6 Mother claimed that Texas authorities had denied her visitation in a 
previous case and that DHS also denied her visitation, but the latter was not 
documented.[3] 
In response to questions from the court, Mother acknowledged that she could 
bring concerns to the court and that she had failed to attend three review 
settings.[4]
¶7 One of the conditions not fulfilled required Mother to obtain domestic 
violence counseling. Mother agreed that she had not done so, but explained that 
she had received the counseling as a condition of an earlier proceeding in 
Texas. Mother stated that a prior DHS caseworker had told her that the prior 
counseling would meet the condition. However, she acknowledged that her plan 
from DHS called for counseling.
¶8 Mother admitted to several residences over time, but said that she had a 
home now and was living with her fiancé. Mother also said she had employment as 
a babysitter paying $175.00 per week, but she also agreed that she had not 
reported the employment to DHS as required.
¶9 The trial court ruled that the State had proven by clear and convincing 
evidence that Mother had failed to correct conditions that caused N.L. to be 
adjudicated deprived and made specific findings supporting that ruling. The 
court also ruled that termination of Mother's parental rights was in N.L.'s best 
interest.
¶10 Mother appeals.
STANDARD OF REVIEW
¶11 The appellate court in a termination of parental rights case must be 
satisfied, after review of the record, that the State has met its burden of 
proof by the presence of clear and convincing evidence to support the verdict 
and judgment. In re S.B.C., 2002 OK 83, 64 P.3d 1080. Clear and convincing 
evidence means that the jury, and this Court on appeal, considering all the 
evidence in the case, must be persuaded that the proposition on which the party 
has the burden of proof is highly probable and free from serious doubt. In re 
K.C., 2002 OK CIV APP 58, ¶ 
5, 46 P.3d 1289, 1291 (citing 
In re C.G., 1981 OK 131, ¶ 
17 n.12, 637 P.2d 66, 71 
n.12.)
¶12 If a fundamental constitutional right is violated in a proceeding to 
terminate parental rights, it is the duty of the appellate court to raise the 
issue sua sponte. In re S.S., 2004 OK CIV APP 33, ¶ 7, 90 P.3d 571, 574-75 (mother's 
counsel absent for part of trial and Court reversed termination).
ANALYSIS AND REVIEW
¶13 The evidence in the trial of this case established that Mother had failed 
to correct conditions that caused N.L. to be adjudicated deprived. Mother 
admitted most of the allegations and the trial court did not find her 
explanations sufficient. Likewise, the evidence presented supported the trial 
court's ruling that termination of Mother's parental rights was in N.L.'s best 
interest.
¶14 However, this Court's inquiry does not stop there. After hearing and 
ruling on Mother's waiver of a jury and after announcing appearances for the 
State and Mother, the trial court said:

 
 The child's attorney, Mr. Lawrence Wheeler, had another commitment this 
 morning in another courtroom. He gave the court specific permission to begin 
 the proceedings without him. He will join us as soon as he's freed up. Is 
 there any objection from either side as to that?[5]
¶15 Counsel for Mother and for State each stated that they had no objection. 
The cause began. However, the transcript does not show that N.L.'s counsel ever 
appeared. The trial court's concluding remarks, after the State and Mother 
rested, addressed only the State and Mother, thus indicating that N.L.'s 
attorney was not present. The transcript reflects that the N.L.'s attorney did 
not examine or cross-examine any witnesses or present a closing argument.
¶16 The issue, raised by this Court, is whether a fundamental constitutional 
right of N.L. was violated in this proceeding to terminate Mother's parental 
rights. Specifically, the questions are whether N.L.'s right to be represented 
by an attorney is accompanied by a right to effective assistance of counsel, 
and, if so, has N.L. been deprived of the right to effective assistance of 
counsel.[6]
¶17 First, this Court holds that a child in a parental rights termination 
proceeding has a constitutional right to effective assistance of counsel. In 
reaching this holding, this Court applies to this case the Court's holding in 
the case of In re D.D.F., 1990 
OK 89, ¶ 15, 801 P.2d 703, 
707 (parent's right to counsel is the right to effective assistance of counsel), 
as well as the rule in the case of In re S.S., 2004 OK CIV APP 33at ¶ 10, 90 P.3d 
at 575 (parent's right to counsel would be meaningless absent right to effective 
assistance of counsel).

 
 Taking into consideration both the constitutional and statutory 
 requirements that counsel be provided, we must also agree with Mr. F. that 
 the right to counsel is the right to effective assistance of counsel. The 
 right to counsel would be of no consequence if such counsel were not 
 required to represent the parent in a manner consistent with an objective 
 standard of reasonableness.
In re D.D.F., 1990 OK 
89 at ¶ 15, 801 P.2d at 707 (citation omitted).
¶18 Next, this Court joins with decisions from other divisions of the Court 
of Civil Appeals holding that the standard for determining the effectiveness of 
counsel in termination proceedings is the standard used in criminal trials. 
In re A.F.K., 2014 OK CIV APP 
6, ¶ 35, 317 P.3d 221, 229; 
In re S.S., 2004 OK CIV APP 
33at ¶ 10, 90 P.3d at 575; In re R.S., 2002 OK CIV APP 90, ¶ 16, 56 P.3d 381, 384; In re 
K.L.C., 2000 OK CIV APP 98, ¶ 
7, 12 P.3d 478, 480. This 
standard was adopted by the United States Supreme Court in Strickland v. 
Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984). [7]
¶19 A determination of whether counsel's representation is ineffective begins 
with the strong presumption of effective assistance of counsel. However, the 
actual or constructive denial of assistance of counsel is legally 
presumed to be prejudicial. Strickland, 466 U.S. at 692, 104 S. Ct. at 
2067. Where a party has counsel and the counsel takes no action, the result is a 
constructive denial of effective assistance of counsel. Young v. State, 
1994 OK CR 84, ¶ 9, 902 P.2d 1089, 1090-91; In re 
A.F.K., 2013 OK CIV APP 6, n.9, 317 P.3d 221 n.9; In re 
K.L.C., 2000 OK CIV APP 98at 
¶ 14, 12 P.3d at 482.
¶20 The statute, 10A O.S.2011, §1-4-306(A)(2), outlines the duties of 
appointed counsel.[8] The District Court record before this Court does not 
show that appointed counsel contacted N.L. or the foster parent or substituted 
his judgment as to N.L.'s interests using the objective criteria enumerated in 
the statute. Moreover, the District Court record does not reflect "good cause 
shown" for not meeting with N.L. prior to trial.
¶21 In addition, the District Court record does not show what "further 
inquiry" was undertaken to ascertain the facts and prepare for a trial. Although 
the statute provides flexibility by modifying "further inquiry" with "deems 
necessary," such modification does not permit a total absence of inquiry.[9] Here, the 
Appellate Record fails to contain any information regarding counsel's "further 
inquiry" actions, so it is not possible to determine whether the representation 
was effective at this stage.
¶22 Other than counsel's appearance at the review hearings, the District 
Court record does not reflect any reports to the court, any recommendations to 
the court, or any expressions of what the interests of N.L. might be. As shown 
above, according to the Record, appointed counsel was absent from the trial of 
the case.
¶23 The Oklahoma Rules of Professional Conduct, Rule 1.1, 5 O.S.2011, ch. 1, 
app. 3-A, and accompanying commentary succinctly provide instructive 
standards.

 
 Rule 1.1. Competence
 A lawyer shall provide competent representation to a client. Competent 
 representation requires the legal knowledge, skill, thoroughness, and 
 preparation reasonably necessary for the 
representation.
¶24 The authors of Strickland's Children, 85 OBJ 1677 (August 9, 
2014), cite from performance standards and guidelines issued by the Committee 
for Public Counsel Services, a Massachusetts agency. The Performance Standards 
Governing the Representation of Children and Parents in Child Welfare Cases are 
instructive here.[10] In part the Standards provide:

 
 1. GENERAL PRINCIPLES OF REPRESENTATION
 1.1 Role of Counsel.
 (a) The role of counsel in these cases is to be an advocate for the 
 client within the scope of counsel's appointment. Counsel shall diligently 
 and zealously protect and advance the client's interests, rights and goals 
 in the proceedings. This involves explaining the nature of all legal and 
 administrative proceedings to the extent possible given the client's age and 
 ability, determining the client's position and goals, and vigorously 
 advocating such position and goals The role of counsel is also to ensure 
 that the client is afforded due process and other rights and that the 
 client's interests are protected.
 (b) The role of counsel also is to be an advisor and counselor. This 
 involves explaining the likelihood of achieving the client's goals and, 
 where appropriate, identifying alternatives for the client's consideration. 
 In addition, counsel should explain the risks, if any, inherent in the 
 client's position.
 (c) Counsel has an obligation to make available sufficient time, 
 resources, knowledge and experience to afford competent representation to 
 the client.
 (d) Counsel for a child owes the same duties of undivided loyalty, 
 confidentiality, zealous advocacy and competent representation to the child 
 as is due an adult client, consistent with the Massachusetts Rules of 
 Professional Conduct.
 Commentary: The child's counsel should not be merely a fact-finder, but 
 rather, should zealously advocate a position on behalf of the child. 
 Regardless of any alignment of position among the child and other parties, 
 child's counsel should develop his or her own theory and strategy of the 
 case and ensure that the child has an independent voice in the proceedings. 
 Although the child's position may overlap with the position of one or both 
 parents, third-party caretakers or the Department of Social Services 
 ("DSS"), child's counsel should be prepared to present his or her client's 
 position independently and to participate fully in any 
 proceedings.
¶25 The circumstances here are not as in Davis S. v. State, 270 P.3d 
767, 786 (AK 2012), where the father "did not show how an improved or more 
aggressive performance would have made a difference in the outcome of his case." 
There, counsel actively participated in the case, although the trial court 
criticized the participation as substandard.
¶26 "The right to counsel would be of no consequence if such counsel were not 
required to represent the parent in a manner consistent with an objective 
standard of reasonableness." In re D.D.F., 1990 OK 89 at ¶ 15, 801 P.2d at 707. 
"The rule is that when an attorney takes no action on behalf of his client, 
there is a legal presumption of prejudice." In re K.L.C., 2000 OK CIV APP 98at ¶ 15, 12 P.3d 
at 482 (citing Young v. State, 1994 OK CR 84, 902 P.2d 1089).
¶27 The phrase "deems necessary" found in 10A O.S.2011, § 1-4-306(A)(2)(c) 
pertains to the duty of counsel to "make such further inquiry" "to ascertain the 
facts." The phrase does not provide a basis to excuse appointed counsel from his 
or her duty as an advocate, otherwise the next full sentence would be 
meaningless.[11] The statute contemplates and requires a 
participating attorney. The child's right to effective assistance of counsel 
requires the same standard. Here, the Record shows a complete absence of 
advocacy for N.L. in the trial court.[12]
¶28 This Court holds that, under the Record, the right of N.L. to effective 
assistance of counsel has been denied. This means that the judgment must be 
reversed and the cause remanded for a new trial. On remand, the trial court is 
free to apportion the costs of the retrial as appropriate.
¶29 REVERSED AND REMANDED FOR A NEW TRIAL.

FISCHER, P.J., concurs, and THORNBRUGH, J., specially concurs.


THORNBRUGH, J., concurring specially:
¶1 I concur specially to underscore that a child is constitutionally entitled 
to representation at a termination hearing. A proceeding to terminate parental 
rights is just as important to the child as to the parent. An absent attorney is 
no attorney at all, and utterly fails to provide the child with the statutory 
and constitutional protections required. This holding is consistent with the 
mandate of 10A O.S.2011 § 1-4-306(A)(5), that "[t]he court shall ensure that the 
child is represented by independent counsel throughout the pendency of the 
deprived action."

FOOTNOTES

[1] In the 
initial trial court proceedings and journal entry, Mother is named "Tracy 
Levalley." The petition to terminate her rights, the trial and the appeal papers 
name her "Tracy Seal." Tracy Levalley and Tracy Seal are the same 
person.

[2] The 
father's parental rights were terminated in a separate proceeding.

[3] The ISP 
specifically advises Mother of her obligation to visit and the right to visit. 
Record, p. 15, at 21, 25.

[4] Tr. pp. 
57-59.

[5] Tr., p. 
8.

[6] The 
right to counsel was recognized by the Court in the case of In re T.M.H., 
1980 OK 92, ¶ 7, 613 P.2d 468, 470-71. The current 
statute continues that right. 10A O.S.2011, § 1-4-306(A)(2). The trial court 
appointed counsel to represent N.L.

[7] For a 
discussion of Strickland and effective assistance of counsel in civil 
cases under the Children's Code, see Paula D. Wood & Rick Goralewicz, 
Strickland's Children, 85 OBJ 1677 (August 9, 2014).

[8] Section 
1-4-306(A)(2) provides:
2. a. The court may appoint an attorney or a guardian ad litem for the child 
when an emergency custody hearing is held; provided, that when a petition is 
filed alleging the child to be deprived, the court shall appoint a separate 
attorney for the child, who shall not be a district attorney, regardless of any 
attempted waiver by the parent, legal guardian or custodian of the child of the 
right of the child to be represented by counsel. The child's attorney shall be 
independent of and not selected by the district attorney, the child's parent, 
legal guardian, or custodian. If financially capable, the parent, legal guardian 
or custodian shall reimburse the Court Fund for the services of a 
court-appointed attorney for the child.
b. The attorney appointed for the child shall make arrangements to meet with 
the child as soon as possible after receiving notification of the appointment. 
Except for good cause shown, the attorney shall meet with the child prior to any 
hearing in such proceeding. The attorney may speak with the child over the 
telephone if a personal visit is not possible due to exigent circumstances. If a 
meaningful attorney-client relationship between the child and the attorney is 
prohibited due to age or disability of the child, the attorney shall contact the 
custodian or caretaker of the child prior to the hearing.
c. The attorney shall represent the child and any expressed interests of the 
child. To the extent that a child is unable to express an interest, either 
because the child is preverbal, very young or for any reason is incapable of 
judgment and meaningful communication, the attorney shall substitute his or her 
judgment for that of the child and formulate and present a position which 
serves the best interests of the child. Such formulation must be 
accomplished through the use of objective criteria rather than solely the life 
experience or instinct of the attorney. The objective criteria shall include, 
but not be limited to:
(1) a determination of the circumstances of the child through a full and 
efficient investigation,
(2) assessment of the child at the moment of the determination,
(3) examination of all options in light of the permanency plans available to 
the child, and
(4) utilization of medical, mental health and educational professionals, 
social workers and other related experts.
The attorney shall make such further inquiry as the attorney deems 
necessary to ascertain the facts, to interview witnesses, examine and 
cross-examine witnesses, make recommendations to the court and participate 
further in the proceedings to the degree appropriate for adequately representing 
the interests of the child. A child is a party to all deprived 
proceedings and is therefore able to participate as fully as the parents and the 
district attorney in all aspects of the proceedings including, but not 
limited to, voir dire, cross examination, the subpoena of witnesses, and 
opening and closing statements. (Emphasis added.)

[9] Counsel 
for N.L. also did not appear in this appeal, thereby prompting this Court to 
direct counsel to comply with the Appellate Rules. Counsel responded and adopted 
the Brief filed by the State and stated that his opinion was that the best 
interest of N.L. was served by upholding the trial court. Counsel further 
declined to enter an appearance stating:
(The statute) does not require the children's attorney to enter an appearance 
or submit briefings in any appellate matter on behalf of the minor child. This 
statute only gives the minor child's attorney the opportunity to do so if said 
attorney "deems [it] necessary". I do not deem it necessary to enter an 
appearance on behalf of the minor child in this matter nor do I deem it 
necessary to file any briefings in same.
This Court entered an Order finding that the response and adoption of the 
State's Brief satisfied counsel's appellate responsibility under Section 
1-4-306(A)(2).

[10] 
Source: Committee for Public Counsel Services, Children and Family Law Division; 
Performance Standards CAFL Attorneys, www.publiccounsel.net.

[11] 
Section 1-4-306(4)(2) further provides:
A child is a party to all deprived proceedings and is therefore able to 
participate as fully as the parents and the district attorney in all aspects of 
the proceedings including, but not limited to, voir dire, cross examination, the 
subpoena of witnesses, and opening and closing statements.

[12] 
See n.9.





 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1994 OK CR 84, 902 P.2d 1089, YOUNG v. STATE
Discussed at Length
Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2002 OK CIV APP 58, 46 P.3d 1289, IN THE MATTER OF K.C.
Discussed
 2002 OK CIV APP 90, 56 P.3d 381, IN THE MATTER OF R.S.
Discussed
 2004 OK CIV APP 33, 90 P.3d 571, IN THE MATTER OF S.S.
Discussed at Length
 2014 OK CIV APP 6, 317 P.3d 221, IN THE MATTER OF A.F.K.
Discussed at Length
 2000 OK CIV APP 98, 12 P.3d 478, 71 OBJ 2398, IN THE MATTER OF K.L.C.
Discussed at Length
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1990 OK 89, 801 P.2d 703, 61 OBJ 2374, D.D.F., Matter of
Discussed at Length
 2002 OK 83, 64 P.3d 1080, IN THE MATTER OF S.B.C.
Discussed
 1980 OK 92, 613 P.2d 468, T. M. H., Matter of
Discussed
 1981 OK 131, 637 P.2d 66, C. G., Matter of
Discussed